RACHEL S. BRASS, SBN 219301
  rbrass@gibsondunn.com
DANIEL M. BRUGGEBREW, SBN 307037
  dbruggebrew@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:   415.393.8200
Facsimile:    415.393.8306

CATHERINE A. CONWAY, SBN 98366
  cconway@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993
  mmaryott@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:   213.229.7000
Facsimile:    213.229.7520

AMANDA C. MACHIN, *admitted pro hac vice*
  amachin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5306
Telephone:   202.955.8500
Facsimile:    202.467.0539

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE 1, et al., | CASE NO. 3:18-cv-02542-JSC |
| Plaintiffs, | **DEFENDANT'S UNOPPOSED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| v. | |
| MORRISON & FOERSTER LLP, | Action Filed:   April 30, 2018 |
| Defendant. | |

In accordance with Civil Local Rules 7-11(a) and 79-5(a)–(d), Defendant Morrison & Foerster LLP ("Defendant") respectfully moves this Court for an order to allow them to file documents (the "Proposed Sealed Documents") under seal. The Proposed Sealed Documents are described in the Declaration of Rachel S. Brass In Support of Defendant's Unopposed Administrative Motion to File Under Seal (the "Brass Declaration"), which, pursuant to Civil Local Rule 79-5(d)(1)(A), establishes that the Proposed Sealed Documents are sealable.

"[A]ccess to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Court may seal unredacted versions of confidential records when a party demonstrates "compelling reasons" for sealing that "outweigh the general history of access and the public policies favoring disclosure, . . ." *Id.* at 1178–79. In addition, a request to seal must be "narrowly tailored to seek sealing only of sealable material, . . ." Civil L.R. 79-5(b); *see Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 598 (1978).

The Proposed Sealed Documents contain the names of Jane Doe 4 and Jane Doe 5, as well as information that may tend to identify Jane Doe 4 and Jane Doe 5. The Plaintiffs have moved for leave to proceed under pseudonyms. *See* Docket No. 40. At this time, Morrison does not oppose that motion. Consequently, Defendant requests that the Court seal the Proposed Sealed Documents. Exhibit A is a Separation Agreement and General Release that contains information that would identify Jane Doe 4. It is Defendant's position that Exhibits B and C could be unsealed with minimal redactions, but Plaintiffs have requested that Defendant move to seal the documents in their entirety at this time.

Separately, and in addition, Defendant requests that Exhibit A be sealed in its entirety because the Separation Agreement and General Release between Jane Doe 4 and Defendant is confidential. Ex. A ¶ 6 ("Associate shall maintain the terms of this Agreement in strict confidence and shall not disclose this Agreement or its terms to anyone . . . without the written consent of the Firm, . . ."); *see, e.g., Hitachi Med. Sys. Am., Inc. v. Livingston MRI, LLP*, 5:09-cv-932, 2010 WL 2403369, at *1 n.3 (N.D. Ohio June 11, 2010) (noting that, in dispute over enforcement of settlement agreement, all related written materials, including the agreement, were filed under seal "because the terms of the Settlement Agreement are confidential"). The parties' agreement to maintain confidentiality of terms of the settlement agreement is a compelling reason to seal a settlement agreement under these circumstances.

*See Hefler v. Wells Fargo & Co.*, No. 16-cv-05479-JST, 2018 WL 4207245, at *7 (N.D. Cal. Sept. 4, 2018) (granting motion to file under seal a confidential supplemental agreement as part of a class action settlement for which the parties sought preliminary approval).

Defendant therefore requests that the Court order that the Proposed Sealed Documents be filed under seal. In accordance with Civil Local Rules 7-11(a), 7-12, and 79-5(d)(1)(A)–(D), this motion is accompanied by the Brass Declaration, a proposed order, unredacted versions of the Proposed Sealed Documents, and a stipulation.

Dated: February 8, 2019

GIBSON, DUNN & CRUTCHER LLP

By:   /s/ *Rachel S. Brass*
      Catherine A. Conway
      Michele L. Maryott
      Rachel S. Brass
      Amanda C. Machin
      Daniel M. Bruggebrew

*Attorneys for Defendant Morrison & Foerster LLP*