UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MORRISON & FOERSTER LLP,<br><br>    Defendant. | Case No.18-cv-02542-JSC<br><br>**MOTION RE: DEFENDANT'S ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 45, 51, 62 |

Defendant filed administrative motions to seal in connection with both its motion for judgment on the pleadings and its reply brief regarding the same. (Dkt. Nos. 45, 51, 62.) Defendant seeks sealing of two categories of information: (1) Jane Doe 4's separation agreement, and (2) documents and information that would identify Jane Does 4 and 5.

Given that in light of Defendant's non-opposition the Court has granted Plaintiff's motion to proceed under pseudonyms at this early stage in the proceedings, the motions are GRANTED as to the exhibits and statements in Defendant's reply brief which might identify Jane Doe 4 or 5. However, the motion is DENIED as the request to seal Jane Doe 4's separation agreement in its entirety. That the parties' have agreed that the separation agreement would be confidential is insufficient to demonstrate that the document is sealable. *See* Civ. L.R. 79-5(b) ("A sealing order may issue only upon a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law"). This is particularly true with respect to the portion of the separation agreement that contains the release provision at issue in Defendant's motion. Accordingly, the motion to seal Exhibit A to the Brass Declaration, except as to those portions that identify Jane Doe 4, is DENIED WITHOUT PREJUDICE. (Dkt. No. 45-4.) If Defendant intends to submit a renewed, more narrowly tailored

request for sealing, it must do so by April 24, 2019.

**IT IS SO ORDERED.**

Dated: April 19, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge