| | |
|---|---|
| RACHEL S. BRASS, SBN 219301<br>  rbrass@gibsondunn.com<br>DANIEL M. BRUGGEBREW, SBN 307037<br>  dbruggebrew@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>555 Mission Street, Suite 3000<br>San Francisco, CA 94105-0921<br>Telephone:   415.393.8200<br>Facsimile:    415.393.8306<br><br>CATHERINE A. CONWAY, SBN 98366<br>  cconway@gibsondunn.com<br>MICHELE L. MARYOTT, SBN 191993<br>  mmaryott@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA  90071-3197<br>Telephone:   213.229.7000<br>Facsimile:    213.229.7520<br><br>AMANDA C. MACHIN, *admitted pro hac vice*<br>  amachin@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue N.W.<br>Washington, D.C. 20036-5306<br>Telephone:   202.955.8500<br>Facsimile:    202.467.0539<br><br>*Attorneys for Defendant* | DAVID W. SANFORD, *admitted pro hac vice*<br>  dsanford@sanfordheisler.com<br>SANFORD HEISLER SHARP, LLP<br>1350 Avenue of the Americas, 31st Floor<br>New York, NY 10019<br>Telephone: (646) 402-5656<br>Facsimile: (646) 402-5651<br><br>DEBORAH K. MARCUSE, *admitted pro hac vice*<br>  dmarcuse@sanfordheisler.com<br>SANFORD HEISLER SHARP, LLP<br>111 S. Calvert St., Ste. 1950<br>Baltimore, MD 21202<br>Telephone: (410) 834-7420<br>Facsimile: (410) 834-7425<br><br>HANNAH WOLF, *admitted pro hac vice*<br>  hwolf@sanfordheisler.com<br>SANFORD HEISLER SHARP, LLP<br>611 Commerce Street, Suite 3100<br>Nashville, TN 37203<br>Telephone: (615) 434-7004<br>Facsimile: (615) 434-7020<br><br>*Attorneys for Plaintiffs*<br><br>[Additional Attorneys Listed After Signatures] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE 1, et al.,<br><br>            Plaintiffs,<br><br>     v.<br><br>MORRISON & FOERSTER LLP,<br><br>            Defendant. | CASE NO. 3:18-cv-02542-JSC<br><br>**STIPULATION FOR ENTRY OF AND [PROPOSED] PROTECTIVE ORDER**<br><br>Action Filed:         April 30, 2018 |

Pursuant to the Court's Civil Standing Order, counsel for Plaintiffs Jane Doe 1, Jane Doe 2, Jane Doe 3, Jane Doe 4, Jane Doe 5, Jane Doe 6, and Jane Doe 7 (collectively, "Plaintiffs"), and Defendant Morrison & Foerster LLP ("Defendant") (Plaintiffs and Defendant, together, the "Parties") have negotiated a stipulated protective order (the "Stipulated Protective Order") which is based on the model stipulated protective order for standard litigation (the "Model Order") available on the Northern District's website (https://www.cand.uscourts.gov/model-protective-orders). The Parties submit the following statement explaining each modification to the Model Order:

1. The Parties added new paragraphs 2.7 and 7.3 to provide for a "HIGHLY CONFIDENTIAL" designation and to define those persons to whom information or items so designated may be disclosed. These modifications are necessary to protect the Parties' sensitive information and that of non-parties, to protect Defendant's legitimate business interests, and to ensure compliance with federal, state, or foreign data protection laws or other privacy obligations, examples of which are included in the new paragraph 2.16. The Parties modified paragraphs 2.4, 2.13, 5.2 (a), 5.2 (c), 8, 8 (c), 9 (a), and 12.1 (now paragraph 13.1) of the Model Order to include the term "HIGHLY CONFIDENTIAL."

2. The Parties modified paragraphs 2.10 and 7.2 (b) of the Model Order, adding "partners" to the lists that include "officers," "directors," and "employees," in order to reflect the composition of Defendant's partnership.

3. The Parties added new paragraph 2.12 to define "Privileged Information."

4. The Parties modified paragraph 5.2 (a) to reflect that "Protected Material" is a defined term.

5. The Parties modified paragraph 4 clarifying what constitutes final disposition of the litigation in the event any Plaintiffs' causes of action are severed or transferred from this action.

6. The Parties modified paragraph 7.2 (f) of the Model Order to allow for the disclosure of information designated as CONFIDENTIAL to witnesses who have or had access to Protected Material during the course of their employment in preparation for their depositions, and to ensure that the Parties may ask foundational questions to establish whether witnesses have had access to Protected Material during the course of their employment. The purpose of these modifications is to preserve the Parties'

1  ability to identify and prepare witnesses who have or had knowledge of relevant information regardless
2  of whether that information is designated as CONFIDENTIAL for purposes of this action.

3        7. The Parties modified paragraph 11 of the Model Order, including by adding subparagraphs
4  (a) through (d), to reflect the Parties' agreement on the effect of inadvertent disclosure of a
5  communication or information covered by the attorney-client privilege, attorney work product, or other
6  ground for withholding production. This modification is consistent with the Model Order's directive that
7  the Parties may incorporate such an agreement in a stipulated protective order submitted to the Court.

8        8. The Parties added new paragraph 12, including subparagraphs (a) through (d), to reflect
9  the Parties' understanding and agreement that all Parties are bound by ethical and legal obligations of
10 confidentiality which arise from the attorney-client relationships formed between the Parties and certain
11 non-parties. These modifications are necessary to differentiate between instances in which a Party may
12 waive the protection of an applicable privilege (e.g., with respect to communications between a Party and
13 outside counsel of record in this litigation) and those instances in which only a non-party may waive the
14 protection of an applicable privilege (e.g., with respect to communications between a Party and a client
15 of that Party). The Parties understand and agree that where only a non-party may waive an applicable
16 privilege, that non-party's privileged information is not subject to disclosure except in accordance with
17 applicable law. In the case of such waiver or other mandatory disclosure, the Parties further understand
18 and agree that the Stipulated Protective Order is still in effect insofar as it applies to protected material,
19 including confidential material, highly confidential material, and protected data.

20       9. The Parties modified paragraph 12.1 of the Model Order (now paragraph 13.1) to reflect
21 expressly that the Parties' agreement to the terms of the Stipulated Protective Order does not prevent or
22 preclude any Party from seeking relief from the court to alter or modify the Stipulated Protective Order
23 on a showing of good cause, and to ensure that the Parties meet and confer before seeking such relief.

24       10. The Parties modified paragraph 13 of the Model Order (now paragraph 14) to provide that
25 whether the Receiving Party shall return or destroy Protected Material following the disposition of this
26 action is an election to be made by the Producing Party of that Protected Material.

27       11. The Parties modified paragraphs 1 and 7.1 of the Model Order to reflect section numbers
28 that were modified by the addition of the new paragraph 12.

1 | The Parties respectfully request that the Court enter the Stipulated Protective Order, attached hereto as **Exhibit 1**. Pursuant to the Court's Civil Standing Order, a redline version comparing the Stipulated Protected Order with the Model Order is attached hereto as **Exhibit 2**.

**IT IS SO STIPULATED.**

Dated: May 2, 2019

                                       GIBSON, DUNN & CRUTCHER LLP

                                       By: /s/ Rachel S. Brass
                                                   Rachel S. Brass

                                       *Attorneys for Defendant*

Dated: May 2, 2019                  SANFORD HEISLER SHARP, LLP

                                       By: /s/ Deborah K. Marcuse
                                                  Deborah K. Marcuse

                                       *Attorneys for Plaintiffs*

**ECF Attestation**

       I, Deborah K. Marcuse, hereby attest that, pursuant to Civil Local Rule 5-1(i)(3), concurrence in the filing of this document has been obtained from the other signatory.

                                       By:
                                                  Deborah K. Marcuse

[*Continued from Caption Page*]

ED CHAPIN, SBN 53287
   echapin2@sanfordheisler.com
JILL SULLIVAN SANFORD, SBN 185757
   jsanford@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
655 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 577-4253
Facsimile: (619) 677-4250

DANIELLE FUSCHETTI, SBN 294065
   dfuschetti@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795-2020
Facsimile: (415) 795-2021

*Attorneys for Plaintiffs*

**[PROPOSED] ORDER**

The Court, having considered the Parties' Stipulation for Entry of Protective Order (the "Stipulation") and accompanying exhibits, and for good cause appearing thereon, ORDERS:

1. The Parties' Stipulated Protective Order (submitted as **Exhibit 1** to the Stipulation) is hereby approved and entered.

**IT IS SO ORDERED**.

DATED:_____, 2019

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge