David W. Sanford (*admitted pro hac vice*)
dsanford@sanfordheisler.com
Andrew Melzer (*admitted pro hac vice*)
amelzer@sanfordheisler.com
Carolin Guentert (*admitted pro hac vice*)
cguentert@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas
New York, New York 10019
Telephone: (646) 402-5656
Facsimile: (646) 402-5651

Deborah K. Marcuse (*admitted pro hac vice*)
dmarcuse@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert, Suite 1950
Baltimore, MD 21202
Telephone: (410) 834-7420
Facsimile: (410) 834-7425

Ed Chapin (CA Bar No. 53287)
echapin2@sanfordheisler.com
Jill Sullivan Sanford (CA Bar No. 185757)
jsanford@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
655 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 577-4253
Facsimile: (619) 677-4250

*Attorneys for Plaintiffs and the Classes*

*[Additional Attorneys Listed After Signature Page]*

Rachel S. Brass (CA Bar No. 219301)
rbrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Ste. 3000
San Francisco, CA 94105-092
Telephone: (415) 393-8200
Facsimile: (415) 374-8306

Catherine A. Conway (CA Bar No. 98366)
cconway@gibsondunn.com
Michele L. Maryott (CA Bar No. 191993)
mmaryott@gibsondunn.com
Ronald Gomez (CA Bar No. 295274)
rgomez@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Amanda C. Machin (*admitted pro hac vice*)
amachin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue NW
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SHERRY WILLIAM and JOSHUA ASHLEY KLAYMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>MORRISON & FOERSTER LLP<br>Defendant. | **Case No.: 3:18-cv-02542**<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

1. **Jurisdiction & Service**

The parties agree that the Court has personal jurisdiction over Defendant Morrison & Foerster LLP ("Morrison" or the "Firm") because the Firm has offices and does business in California, and venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). The parties further agree that this Court has subject matter jurisdiction over the claims that arise under the laws of the United States, specifically those brought under Title VII, the Equal Pay Act ("EPA"), and the Family and Medical Leave Act ("FMLA") pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). Plaintiffs contend this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), and Defendant does not contest supplemental jurisdiction at this time. All parties have been served.

2. **Facts**

Plaintiffs Sherry William and Joshua Ashley Klayman are former associate and Of Counsel attorneys, respectively, at Morrison. They allege discrimination on the basis of gender, pregnancy, and maternity, and based on the taking of protected leave. Plaintiffs bring this putative class and collective action on behalf of a class of female attorneys nationwide who work or who worked for Morrison during the applicable liability period, as well as on behalf of attorney subclasses.

Morrison disputes that any discrimination occurred and further disputes that this case is appropriate for class or collective treatment. The parties' positions on the detailed factual disputes at issue are set forth in the operative Third Amended Complaint and Answer. Dkt. Nos. 92, 95.

3. **Legal Issues**

   A. **Plaintiffs' Position**

Plaintiffs allege that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended; the Equal Pay Act of 1963, 29 U.S.C. §§ 201, *et seq.*; the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.*; the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, *et seq.*; the California Equal Pay Act, Cal. Lab. Code § 1197.5; the California Family Rights

Act, Cal. Gov. Code § 12945.2; the California Unfair Business Practices Act, Cal. Bus. and Prof. Code §§ 17200, *et* seq., and parallel state and local laws in New York City. Their claims include, *inter alia*, discrimination in pay, failure to promote, wrongful termination and constructive discharge.

Plaintiffs intend to seek certification of the proposed class and subclasses.

### B. Defendant's Position

Defendant denies any liability. Defendant disputes that the asserted claims are appropriate for class-wide resolution. Plaintiffs challenge completely different types of decisions: Ms. William challenges an evaluation result from January 2018 and events flowing therefrom, whereas Ms. Klayman challenges the fact that she was not elevated to partner. "Without some glue holding the alleged reasons for all those decisions together, it will be impossible to say that examination of all the class members' claims for relief will produce a common answer to the crucial question why was I disfavored." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 (2011).

### 4. Motions

#### A. Prior Motions

Plaintiffs moved to proceed under pseudonyms. *See* Dkt. Nos. 2, 40, 55. The Court granted Plaintiffs' motion on April 18, 2019. *See* Dkt. No. 78. On December 10, 2019, Plaintiffs filed a notice that they no longer intend to proceed under pseudonyms. *See* Dkt. 114.

The Court previously ruled on Defendant's partial motion for judgment on the pleadings (*see* Dkt. No. 83) and its Rule 11 motion (Dkt. No. 74).

#### B. Anticipated Future Motions and Stipulations of the Parties

Following appropriate discovery, Plaintiffs anticipate filing motions for conditional certification of a collective action and notice under the Equal Pay Act, 29 U.S.C. § 216(b), and to certify their claims under Federal Rule of Civil Procedure 23 and for final certification of the EPA collective. *See also infra* ¶¶ 9, 17.

Defendant anticipates moving for summary judgment on the Plaintiffs' claims.

### 5. Amendment of Pleadings

To date, Plaintiffs have amended the complaint three times. Plaintiffs intend to file a Fourth Amended Complaint by February 14, 2020, in which all pseudonyms will be lifted, facts that were omitted

for the protection of pseudonymity will be added, and the Plaintiffs whose claims have been dismissed will be omitted. Plaintiffs will provide Defendant with a copy of the proposed Fourth Amended Complaint by February 10, 2020. If the Parties do not agree to stipulate to the amendment of the Complaint, Plaintiffs will instead file a motion for leave to amend.

**6.     Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and will continue the process of meeting and conferring regarding reasonable and proportionate steps taken to preserve evidence relating to issues reasonably evident in this action and discovery of ESI. The Parties further agree that retention and preservation protocols will be further discussed as needed pursuant to Fed. R. Civ. P. 26(f). On May 21, 2019, the Court entered an order pursuant to a stipulation of the Parties regarding the production of documents and information. Dkt. No. 91.

**7.     Disclosures**

The Parties served their initial disclosures required by Fed. R. Civ. P. 26(a)(1) on May 2, 2019 and will disclose additional witnesses and documents as they are identified.

**8.     Discovery**

   **A.     Discovery Taken to Date**

The Parties have served and responded to written discovery requests, and are currently exchanging their respective document productions.

Morrison has deposed Sherry William and Joshua Klayman. Because document production is still ongoing, the parties have agreed that their depositions should be held open to address any questions that arise in light of the production of documents on the eve of (in Ms. William's case) and subsequent to their depositions.

On June 19, 2019, Plaintiffs served a Rule 30(b)(6) Notice of Deposition seeking testimony from Morrison on its policies relating to compensation, promotions, leave, and alternative work arrangements, among other topics. Morrison has responded regarding the proposed topics, and the Parties have agreed that the 30(b)(6) deposition will take place on March 3, 2020. The parties have also agreed that if, due to

witness unavailability, all fact witness depositions have not been scheduled to be completed by March 31, 2020, the parties will stipulate to a one-month extension of the discovery schedule (assuming all depositions can be completed by April 30, 2020).

### B. Scope of Anticipated Discovery

#### i. Plaintiffs' Position

Plaintiffs will seek class-wide discovery, including data to perform a statistical analysis, and anecdotal evidence to support their Motions for Class and Conditional Collective Certification. Because Plaintiffs have the burden on class certification, and because the Court must base its certification decision on a robust record, courts have repeatedly held that it is reversible error to deny Plaintiffs pre-certification discovery relevant to the Rule 23 analysis. *See Artis v. Deere & Co.*, 276 F.R.D. 348, 351 (N.D. Cal. 2011) (holding that denial of discovery that is necessary to determine the existence of a class or set of subclasses constitutes an abuse of discretion); *Duke v. Univ. of Texas*, 729 F.2d 994, 997 (5th Cir. 1984) (holding that failure to allow discovery of pay and promotion records, which were necessary for both the named plaintiffs' individual and class certification claims, was an abuse of discretion). In order to meet the standards under Federal Rule of Civil Procedure 23 (inclusive of disparate treatment and disparate impact theories of liability), Plaintiffs must be able to obtain substantial anecdotal and statistical evidence of class-wide harm.

Plaintiffs anticipate that such discovery may include discovery into: (a) defendant's employment and human resources policies, practices, procedures, and how those procedures were implemented; (b) class-wide and comparator employment data and information, such as job level/title, job histories, and assignment, promotion, class year, redesignation, compensation, leave, billing rate, and hours information; (c) Defendant's organizational structure, including but not limited to lines of reporting, the allocation of decision-making authority, and any oversight structures that may be in place; (d) information pertaining to complaints of and investigations into claims of discrimination on the basis of sex, pregnancy, or maternity; and (e) full discovery as to merits of the named Plaintiffs' individual claims and damages.

Plaintiffs are in the process of scheduling non-expert depositions. Plaintiffs propose that each side may take up to 25 non-expert depositions without leave of Court. Consistent with the overwhelming

majority of courts, Plaintiffs anticipate that multiple F.R.C.P. 30(b)(6) designees should not count against this limit.

### ii. Defendant's Position

Morrison agrees that the initial phase of discovery shall focus on the Plaintiffs' individual claims and all issues relevant to class certification. However, Morrison reserves all rights to object to specific pre-certification discovery requests.

During this initial phase, Morrison anticipates the need for discovery regarding Plaintiffs' individual claims and Plaintiffs' adequacy as proposed class representatives, including, but not limited to, discovery regarding: (1) Plaintiffs' education, experience, and other qualifications; (2) the identity of unnamed individuals referred to in the Complaint; (3) Plaintiffs' communications regarding their alleged claims; (4) Plaintiffs' alleged damages (both monetary and non-monetary); and (5) Plaintiffs' efforts to mitigate damages (e.g., documents related to their job search efforts).

Morrison agrees with Plaintiffs' proposal to permit 25 percipient depositions (including declarants) per side. With respect to the Rule 30(b)(6) deposition, Defendant has designated a witness for the 30(b)(6) deposition and has no reason to believe that multiple designees are necessary. If they are, Defendant expects the parties to engage in a good faith meet-and-confer regarding this and any other discovery disputes.

### C. Report on Stipulated E-Discovery Order

As noted above, the Court entered an order pursuant to a stipulation of the Parties regarding the production of both hard-copy documents and ESI. Dkt. No. 91.

### D. Privilege

The Parties agree that disclosure of information protected by the attorney-client, work-product, or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication or any portion thereof shall not be deemed to constitute a waiver of any claim of privilege as to any other document or communication or other portion thereof, even involving the same subject matter. The Parties have separately agreed upon a procedure for handling such inadvertent disclosures in their stipulated protective order. *See* Dkt. No. 87.

The Parties have also addressed the logging of privileged documents in their ESI Discovery Plan. *See* Dkt. No. 91.

### E. Identified Discovery Disputes

Plaintiffs have requested from Defendant Human Resources data for current and former attorneys employed by the Firm in the United States from January 1, 2012 to the present. Defendant objects to this request and has produced data only for the period from January 1, 2015 to the present. The Parties continue to meet and confer regarding this request for production.

Both parties' productions are ongoing, and both parties anticipate that there may be further discovery disputes regarding those productions.

## 9. Class Actions

All attorneys of record for the Parties have reviewed the Procedural Guidance for Class Action Settlements. As set forth above, Plaintiffs and Morrison dispute the propriety of class certification. The Parties have previously jointly proposed that class certification briefing proceed as follows:

- **July 10, 2020**: Plaintiffs' motion for class certification
- **August 24, 2020**: Morrison's opposition
- **September 21, 2020**: Plaintiffs' reply

The parties propose that the class certification motion and any *Daubert* motions be heard at a single hearing. The parties disagree as to the timing of expert discovery and related motion practice, which may affect the timing of the class certification hearing, and will be prepared to address this issue at the Case Management Conference.

## 10. Related Cases

Plaintiffs do not have any related cases before another judge of this court, or before another court or administrative body.

## 11. Relief

### A. Plaintiffs' Position

The prayer for relief in the Third Amended Complaint seeks the following relief on behalf of Plaintiffs, the Classes, and the EPA Collective Action:

a.  Acceptance of jurisdiction of this case;

b. Certification of this case as a class action under Federal Rule of Civil Procedure 23, on behalf of the proposed Plaintiff Class and Subclasses, designation of the proposed Class Representatives as representatives of this Class and Subclasses, and designation of Plaintiffs' counsel of record as Class Counsel;

c. Designation of this action as a collective action on behalf of the proposed EPA Collective Plaintiffs (asserting EPA claims) and:

1. Promptly issuing notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the EPA Opt-In Class, which (a) apprises them of the pendency of this action and (b) permits them to assert timely EPA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b); and

2. Tolling the statute of limitations on the claims of all members of the EPA Opt-In Class from the date the original Complaint was filed until the Class members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to opt-in as Plaintiffs;

d. Designation of Plaintiffs as representatives of the EPA Collective Action;

e. A declaratory judgment that the practices complained of therein are unlawful and violate, among other laws, 42 U.S.C. § 2000(e) *et seq.*, as amended; 29 U.S.C. § 2601, *et seq.*; 29 U.S.C. § 206, *et seq.*; and the applicable state and local laws;

f. A permanent injunction against Morrison and its partners, officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them from engaging in any further unlawful practices, policies, customs, and usages set forth therein;

g. An Order requiring the Firm to initiate and implement programs that (i) remedy the hostile work environment at Morrison & Foerster; (ii) ensure prompt, remedial action regarding all claims of gender, pregnancy, and maternity discrimination; and (iii) eliminate the continuing effects of the discrimination and retaliatory practices described therein;

h. An Order requiring Morrison to initiate and implement systems for promoting and

compensating female attorneys in a non-discriminatory manner;

    i. An Order directing Morrison to adjust the compensation and title for Class Representatives and the Class members to the level that they would be enjoying but for Morrison's discriminatory policies, practices, and procedures;

    j.

    k. An award of back pay, front pay, lost benefits, preferential rights to jobs, and other damages for lost compensation and job benefits suffered by the Plaintiffs, Members of the Classes, and Members of the EPA Collective Action, in an amount not less than $50,000,000;

    l. An award of nominal, liquidated, and compensatory damages to Plaintiffs and Members of the Classes, in an amount not less than $50,000,000;

    m. Award punitive damages to Plaintiffs and Members of the Classes, in an amount not less than $100,000,000;

    n. An award of penalties available under applicable laws, including waiting time penalties;

    o. An award of litigation costs and expenses, including reasonable attorneys' fees to the Plaintiffs;

    p. An award of pre-judgment and post-judgment interest; and

    q. Such other and further relief as the Court may deem just and proper.

**B.** **Defendant's Position**

Morrison seeks entry of judgment against Plaintiffs and in favor of Morrison. Morrison also takes the position that injunctive and declaratory relief are unavailable and reserves the right to brief the issue in response to the proposed Fourth Amended Complaint.

**12.** **Settlement and ADR**

In compliance with ADR Local Rule 3-5 and the Court's May 1, 2018 Order, Dkt. No. 4, the Parties filed their Stipulation and Proposed Order pertaining to ADR and ADR Certifications on July 12, 2018 and July 13, 2018, Dkt. Nos. 13-17. The Parties engaged in mediation before David Rotman on October 10, 2018, but did not reach a resolution. The Parties engaged in a second mediation before Dina Jansenson on September 9, 2019, at which the claims of Jane Does 2, 3, 4, 5, and 7 were resolved. On January 7, 2020, another mediation session was held before Dina Jansenson, in which Sherry William

(formerly Jane Doe 1), Joshua Klayman (formerly Jane Doe 6), and Morrison participated. At this time, the Parties believe that further negotiations will not be productive.

**13.  Consent to Magistrate Judge for All Purposes**

__X__ YES   _NO

**14.  Other References**

The Parties believe that this case is not appropriate for a binding arbitration, the appointment of a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15.  Narrowing of Issues**

Morrison believes that even if a class is certified, the availability of punitive damages cannot be assessed on a class-wide basis, and therefore that punitive damages should be bifurcated from liability. Morrison further reserves the right to move for separate trials on each of the Named Plaintiffs' claims. Plaintiffs note that class-wide punitive damages were awarded in 2010 after trial of class-wide gender discrimination claims in *Velez v. Novartis*, No. 04 Civ. 9194 (S.D.N.Y. 2010); for the rest, Plaintiffs reserve all their rights on the issues raised by Defendant above.

The Parties will work together to streamline the presentation of evidence at any trial in this case.

**16.  Expedited Trial Procedure**

The Parties do not believe that this case is appropriate for an expedited schedule.

**17.  Scheduling**

   **A.  Proposed Discovery Schedule**

The parties agree that the initial phase of discovery will focus on the Plaintiffs' individual claims and all issues related to class certification. Within 21 days after the Court rules on the Plaintiffs' Motion for Class Certification, the Parties propose that the Court conduct a subsequent case management conference to address any remaining discovery issues.

The Parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules, with the exceptions set forth below. The Parties agree that discovery deadlines may be extended by the Parties on consent without application to the Court. Pursuant to Federal Rule of Civil Procedure 5(b)(1)(E), the Parties agree that all disclosures, written discovery requests and written discovery responses may be served via electronic mail.

### i. Fact Discovery

The Parties propose that all pre-certification fact discovery is to be completed no later than April 30, 2020, and Final Requests for Production of Documents and Final Interrogatories shall be served by February 28, 2020.

### ii. Expert Discovery in Support of Class Action Certification and Proposed Schedule for *Daubert* Motions

The Parties agree to accept service of subpoenas *duces tecum* on behalf of their respective experts. Within two days of submission of each expert report, each expert must produce the files containing the material considered or relied upon for each expert report including the programs run, the particular data used for each analysis, and the output of the analysis.

The Parties jointly propose the following schedule for expert discovery:

- July 10, 2020 (Current Deadline for Plaintiffs' Motion for Class Certification):
    - Plaintiffs serve expert report(s), which shall also function as the disclosure of their expert(s)
- August 24, 2020 (Current Deadline for Plaintiffs' Motion for Class Certification:
    - Defendant serves expert report(s), which shall also function as the disclosure of its expert(s)
- September 14, 2020:
    - Deadline for deposition of Defendant's expert(s)
- September 28, 2020:
    - Plaintiffs serve rebuttal expert report(s)
- October 13, 2020
    - Deadline for deposition(s) of Plaintiffs' expert(s).

The parties disagree as to the timing of potential *Daubert* motions and will be prepared to address this issue at the Case Management Conference. As set forth in Section 9, the parties agree that any *Daubert* motions, as well as the motion for class certification, should be heard together.

### B. Further Scheduling

In addition to the proposed discovery schedule set forth above, the Parties shall make all motions in accordance with the timing prescribed by the Federal Rules of Civil Procedure.

The Parties believe it is premature prior to class certification proceedings to set a cut-off date for dispositive motions, or a trial date at this time, and they respectfully request that these issues be addressed at a case management conference after the Court rules on the motion for class certification.

**18. Trial**

The Parties request that the Court defer the scheduling of trial until after the ruling on the motion for class certification. Within 14 days of the Court's ruling, the Parties will submit a revised Case Management Statement, inclusive of an estimated length of trial, for a jury trial to be scheduled.

**19. Disclosure of Non-party Interested Entities or Persons**

The Parties each filed a Certification of Interested Entities of Persons denoting the persons with an interest in this litigation. Dkt. Nos. 21, 26.

As of this date, other than the named parties, there is no such interest or funding for Plaintiffs to report.

Morrison & Foerster LLP is a limited liability partnership organized under the laws of California for the practice of law and has no corporate parent. Morrison maintains an insurance policy with AIG, which may be used to satisfy all or part of any judgment. As of this date, other than the named parties, there is no other such interest for Morrison to report.

**20. Professional Conduct**

The Parties certify that all attorneys of record in this action have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

None.

| | |
|---|---|
| Dated: January 28, 2020 | Respectfully Submitted, |
| | /s/ Deborah K. Marcuse |
| | Deborah K. Marcuse (*admitted pro hac vice*) |
| | David W. Sanford (*admitted pro hac vice*) |
| | Andrew Melzer (*admitted pro hac vice*) |
| | Jill Sullivan Sanford (CA Bar No. 185757) |
| | Danielle Fuschetti (CA Bar No. 294065) |
| | Hannah M. Wolf (*admitted pro hac vice*) |
| | Carolin Guentert (*admitted pro hac vice*) |
| | **SANFORD HEISLER SHARP, LLP** |
| | *Attorneys for Plaintiffs, the Proposed Class, and the Proposed Collective* |
| Dated: January 28, 2020 | /s/ Michele L. Maryott |
| | Catherine A. Conway (CA Bar No. 98366) |
| | Michele L. Maryott (CA Bar No. 191993) |
| | Rachel S. Brass (CA Bar No. 219301) |
| | Amanda C. Machin (*admitted pro hac vice*) |
| | Ronald Gomez (CA Bar No. 295274) |
| | **GIBSON, DUNN & CRUTCHER LLP** |
| | *Attorneys for Defendant* |

[*Continued from Caption Page*]

Danielle Fuschetti (CA Bar No. 294065)
dfuschetti@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 Sutter Street, Suite 975
San Francisco, CA 94104
Telephone: (415) 795-2020
Facsimile: (415) 795-2021

Hannah M. Wolf (*admitted pro hac vice*)
hwolf@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
611 Commerce Street, Suite 3100
Nashville, Tennessee 37203
Telephone: (615) 434-7004
Facsimile: (615) 434-7020

*Attorneys for Plaintiffs, the Proposed Class, and the Proposed Collective*

## CASE MANAGEMENT [PROPOSED] ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

HON. JACQUELINE S. CORLEY
UNITED STATES MAGISTRATE JUDGE
