# EXHIBIT A

RACHEL S. BRASS, SBN 219301
　rbrass@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:　415.393.8200
Facsimile:　415.393.8306

CATHERINE A. CONWAY, SBN 98366
　cconway@gibsondunn.com
MICHELE L. MARYOTT, SBN 191993
　mmaryott@gibsondunn.com
RONALD GOMEZ, SBN 295274
　rgomez@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone:　213.229.7000
Facsimile:　213.229.7520

AMANDA C. MACHIN, *admitted pro hac vice*
　amachin@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue N.W.
Washington, D.C. 20036-5306
Telephone:　202.955.8500
Facsimile:　202.467.0539

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERRY WILLIAM and JOSHUA ASHLEY KLAYMAN, on behalf of themselves and all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>MORRISON & FOERSTER LLP,<br><br>　　　　　　Defendant. | CASE NO. 3:18-cv-02542-JSC<br><br>**ATTACHMENT A TO SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION TO FRESHFIELDS BRUCKHAUS DERINGER LLP**<br><br>Judge:　　Hon. Jacqueline Scott Corley<br><br>Action Filed:　April 30, 2018 |

**DEFINITIONS**

Unless a contrary meaning appears in context, the following definitions apply:

1. "DEFENDANT" means Morrison & Foerster LLP.

2. "PLAINTIFF" means Sherry William.

3. "YOU" and "YOUR" mean the entity responding to this subpoena and its partners, employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any person acting on behalf of the entity.

4. "DOCUMENT" and "DOCUMENTS" mean all documents, writings, electronically stored information, or things within the scope of Rule 34 of the Federal Rules of Civil Procedure, including notes, correspondence, messages, minutes, memoranda, reports, communications, letters, photographs, images, models, telegrams, microfilm, data, data compilations, calendars, appointment books, diaries, drafts (whether used or not), electronic media, facsimiles, text files, charts, maps, web postings, web pages, ledgers, sound or image recordings, computer discs, computer printouts, electronic mail, or any other form of "writing" as defined in Rule 1001 of the Federal Rules of Evidence.  The words "DOCUMENT" and "DOCUMENTS" further include all copies where the copy is not identical to the original.

5. "COMMUNICATIONS" means every manner of written, recorded, or transcribed transmission or communication, including letters, reports, notes, telegrams, telex, facsimiles, voicemails, web postings, text messages, electronic mail, social media, and any other written memorandum of oral communications.

6. Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to make the request inclusive rather than exclusive; the words "ALL," "ANY," "EACH," "AND," and "OR" shall be construed conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive; and the word "including" means "including without limitation."

7. "RELATING TO" means directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving, evidencing, showing,

refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific Request.

## INSTRUCTIONS

1. YOU shall produce ALL DOCUMENTS in YOUR possession, custody, or control that are described in the Requests set forth below. Such DOCUMENTS shall be produced in the manner maintained by YOU in the ordinary course of business.

2. DOCUMENTS attached to each other should not be separated.

3. DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

4. In accordance with Rule 45(e)(2) of the Federal Rules of Civil Procedure, if any DOCUMENT responsive to these Requests is withheld based upon a claim that it is privileged or subject to protection as trial-preparation material, state separately for each such DOCUMENT, in addition to any other information requested: (a) the nature of the privilege or protection claimed; (b) the DOCUMENT's date; (c) its author; (d) its address, if any; (e) the title or position of its author; (f) the type of DOCUMENT (e.g., affidavit, declaration, etc.); (g) its title and general subject matter (without revealing the information as to which privilege or protection is claimed); and (h) with sufficient specificity to permit the parties and the Court to make a full determination as to whether the claim of privilege or protection is valid, the factual basis on which you claim such privilege.

5. These Requests are continuing. They require that YOU promptly supplement YOUR response and produce any responsive DOCUMENTS later discovered up to the day of trial.

## DOCUMENT REQUESTS

1. PLAINTIFF's personnel file or Human Resources file, including but not limited to ANY and ALL performance evaluations, disciplinary records, and ANY and ALL COMMUNICATIONS RELATING TO PLAINTIFF's job performance that are centrally maintained by YOU (including by any specific department or by PLAINTIFF's supervisor(s)).

2. ANY and ALL DOCUMENTS and COMMUNICATIONS regarding YOUR decision to classify or categorize PLAINTIFF as Class of 2011 instead of 2010.

3. A declaration from the custodian of records authenticating ANY and ALL DOCUMENTS produced by YOU.