# EXHIBIT B

1   RACHEL S. BRASS, SBN 219301
        rbrass@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
3   San Francisco, CA 94105-0921
    Telephone:    415.393.8200
4   Facsimile:    415.393.8306

5   CATHERINE A. CONWAY, SBN 98366
        cconway@gibsondunn.com
6   MICHELE L. MARYOTT, SBN 191993
        mmaryott@gibsondunn.com
7   RONALD GOMEZ, SBN 295274
        rgomez@gibsondunn.com
8   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
9   Los Angeles, CA  90071-3197
    Telephone:    213.229.7000
10  Facsimile:    213.229.7520

11  AMANDA C. MACHIN, *admitted pro hac vice*
        amachin@gibsondunn.com
12  GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue N.W.
13  Washington, D.C. 20036-5306
    Telephone:    202.955.8500
14  Facsimile:    202.467.0539

15  *Attorneys for Defendant*

16                  UNITED STATES DISTRICT COURT

17              NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19  SHERRY WILLIAM and JOSHUA ASHLEY         CASE NO. 3:18-cv-02542-JSC
    KLAYMAN, on behalf of themselves and all
20  others similarly situated,               **ATTACHMENT A TO SUBPOENA TO**
                                             **PRODUCE DOCUMENTS, INFORMATION,**
21                  Plaintiffs,              **OR OBJECTS OR TO PERMIT**
                                             **INSPECTION OF PREMISES IN A**
22          v.                               **CIVIL ACTION TO LINKLATERS LLP**

23  MORRISON & FOERSTER LLP,                 Judge:      Hon. Jacqueline Scott Corley

24                  Defendant.               Action Filed:  April 30, 2018

25

26

27

28

Gibson, Dunn &
Crutcher LLP

ATTACHMENT A TO SUBPOENA TO LINKLATERS LLP TO PRODUCE DOCUMENTS OR INFORMATION

## DEFINITIONS

Unless a contrary meaning appears in context, the following definitions apply:

1.    "DEFENDANT" means Morrison & Foerster LLP.

2.    "PLAINTIFF" means Joshua Klayman.

3.    "YOU" and "YOUR" mean the entity responding to this subpoena and its partners, employees, officers, directors, agents, attorneys, affiliates, subsidiaries, joint ventures, successors, predecessors, or any person acting on behalf of the entity.

4.    "DOCUMENT" and "DOCUMENTS" mean all documents, writings, electronically stored information, or things within the scope of Rule 34 of the Federal Rules of Civil Procedure, including notes, correspondence, messages, minutes, memoranda, reports, communications, letters, photographs, images, models, telegrams, microfilm, data, data compilations, calendars, appointment books, diaries, drafts (whether used or not), electronic media, facsimiles, text files, charts, maps, web postings, web pages, ledgers, sound or image recordings, computer discs, computer printouts, electronic mail, or any other form of "writing" as defined in Rule 1001 of the Federal Rules of Evidence.  The words "DOCUMENT" and "DOCUMENTS" further include all copies where the copy is not identical to the original.

5.    "COMMUNICATIONS" means every manner of written, recorded, or transcribed transmission or communication, including letters, reports, notes, telegrams, telex, facsimiles, voicemails, web postings, text messages, electronic mail, social media, and any other written memorandum of oral communications.

6.    Except as specifically provided, words imparting the singular shall include the plural and vice versa, and words imparting the present tense shall include the past and future tenses and vice versa, as necessary to make the request inclusive rather than exclusive; the words "ALL," "ANY," "EACH," "AND," and "OR" shall be construed conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive; and the word "including" means "including without limitation."

7.    "RELATING TO" means directly or indirectly mentioning, describing, pertaining to, concerning, embodying, constituting, supporting, corroborating, proving, evidencing, showing,

refuting, disputing, rebutting, contradicting, controverting, being connected with, or reflecting upon the subject matter of the specific Request.

**INSTRUCTIONS**

1.      YOU shall produce ALL DOCUMENTS in YOUR possession, custody, or control that are described in the Requests set forth below.  Such DOCUMENTS shall be produced in the manner maintained by YOU in the ordinary course of business.

2.      DOCUMENTS attached to each other should not be separated.

3.      DOCUMENTS that are stored electronically or in machine-readable form should be produced in electronic form with sufficient information to allow counsel to readily access or read such data or DOCUMENTS.

4.      In accordance with Rule 45(e)(2) of the Federal Rules of Civil Procedure, if any DOCUMENT responsive to these Requests is withheld based upon a claim that it is privileged or subject to protection as trial-preparation material, state separately for each such DOCUMENT, in addition to any other information requested:  (a) the nature of the privilege or protection claimed; (b) the DOCUMENT's date; (c) its author; (d) its address, if any; (e) the title or position of its author; (f) the type of DOCUMENT (e.g., affidavit, declaration, etc.); (g) its title and general subject matter (without revealing the information as to which privilege or protection is claimed); and (h) with sufficient specificity to permit the parties and the Court to make a full determination as to whether the claim of privilege or protection is valid, the factual basis on which you claim such privilege.

5.      These Requests are continuing.  They require that YOU promptly supplement YOUR response and produce any responsive DOCUMENTS later discovered up to the day of trial.

**DOCUMENT REQUESTS**

1.      ANY and ALL DOCUMENTS and COMMUNICATIONS between PLAINTIFF, on the one hand, and YOU, on the other hand, regarding her claims against DEFENDANT.

2.      PLAINTIFF's personnel file or Human Resources file, including but not limited to ANY and ALL performance evaluations, disciplinary records, and ANY and ALL COMMUNICATIONS RELATING TO PLAINTIFF's job performance that are centrally maintained by YOU (including by any specific department or by PLAINTIFF's supervisor(s)).

3.     DOCUMENTS regarding PLAINTIFF'S compensation and benefits and the methods and criteria for determining PLAINTIFF'S compensation, including but not limited to any offer letter to PLAINTIFF addressing her compensation and any correspondence from PLAINTIFF or her agents, seeking to negotiation her compensation and benefits.

4.     ANY and ALL DOCUMENTS and COMMUNICATIONS related to ANY representations made by PLAINTIFF about her experience at DEFENDANT or her compensation or benefits at LINKLATERS LLP.

5.     A declaration from the custodian of records authenticating ANY and ALL DOCUMENTS produced by YOU.

ATTACHMENT A TO SUBPOENA TO LINKLATERS LLP TO PRODUCE DOCUMENTS OR INFORMATION

Gibson, Dunn & Crutcher LLP