United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY WILLIAM and JOSHUA ASHLEY KLAYMAN,<br><br>Plaintiffs,<br><br>v.<br><br>MORRISON & FOERSTER LLP,<br><br>Defendant. | Case No. 18-cv-02542-JSC<br><br>**ORDER RE: SUBPOENA DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 131 |

Sherry William and Joshua Klayman sue Morrison & Foerster LLP for pregnancy and gender employment discrimination, among other claims. Now pending before the Court is a joint discovery dispute letter brief regarding Defendant's Rule 45 subpoenas to Ms. William's former employer Freshfields and Ms. Klayman's current employer Linklaters. (Dkt. No. 131.) Plaintiffs contend that the discovery Defendant seeks is their private information and that their right to privacy outweighs any need for the discovery. After carefully considering the parties' arguments, the Court concludes that oral argument is not necessary, *see* Civ. L.R. 7-1(b), and denies in part and grants in part Plaintiffs' request that the subpoenas be quashed.

**DISCUSSION**

Federal Rule of Civil Procedure 45(d)(3)(A)(iii) requires a court to quash a non-party subpoena that "requires the disclosure of privileged or other protected matter, if no exception or waiver applies[.]" Plaintiffs, as the parties objecting to the subpoenas, bear the burden of showing that Defendant should not be permitted to obtain the sought-after discovery. *Botta v. PricewaterhouseCoopers LLP*, 2018 WL 6257459 at *1 (N.D. Cal. Nov. 30, 2018).

As a preliminary matter, there can be no dispute that personnel and other employment

records implicate Plaintiffs' privacy interests. Such records can nonetheless be ordered disclosed based on a specific showing of relevance. *See, e.g., id.* at *2.

### A. Freshfields Subpoena

Defendant seeks from Ms. William's former employer (1) her personnel file and communications about her job performance, and (2) documents and communications about the decision to classify her as a 2011 instead of a 2010. Communications about Ms. William's job performance and Freshfield's classification decision are relevant to a claim and defense in this action as Plaintiff's performance and demonstrated skills are central to the lawsuit. *See* Fed. R. Civ. P. 26(b)(1); *see, e.g. id.* at *2. Defendant is not required to accept Plaintiff's testimony as to the reason for Freshfield's classification decision, as Plaintiff implies. Further, Plaintiff's insistence that any evidence as to her performance at Freshfields would be inadmissible misapprehends discovery. Material is discoverable if it is relevant to a claim or defense and "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Plaintiff's boilerplate "such discovery is not proportional" argument does not satisfy Plaintiff's burden to successfully resist this relevant discovery.

Defendant has not explained, however, how any other information in Plaintiff's personnel file unrelated to her job performance is relevant to a claim or defense. Accordingly, the Court will quash the Freshfields subpoena to the extent it seeks Plaintiff's entire personnel file. The Freshfields subpoena shall be limited to documents and communications regarding Plaintiff's job performance and the classification decision. Such documents shall be produced subject to the protective order.

### B. Linklater Subpoena

Defendant seeks to subpoena from Ms. Klayman's current employer:

> (1) communications Ms. Klayman had with Linklaters about her claims against Morrison; (2) her performance evaluations and disciplinary records from an approximately one-year period, and (3) documents relating to her current compensation and benefits, including representations she made to Linklaters in negotiations.

(Dkt. No. 131 at 5.)

Plaintiff does not contend that the communications she had with her current employer about her claims against Defendant are irrelevant; instead, she again contends that her testimony and documents regarding such communications should be sufficient.  But, as is explained above, Defendant is not required to accept what Plaintiff asserts and instead has a right to discovery from others.  Plaintiff makes the same argument as to her compensation and benefits: even though relevant, Defendant is required to accept the documents she produces.  The Court does not agree.

Plaintiff's performance evaluations and disciplinary records for a one-year period are also relevant.  If Plaintiff's performance was exemplary, that would support her claim against Defendant; if problems were noted in the time frame near to her employment with Defendant, such evidence might support the defense.  Again, as this is discovery, that such discovery, whatever it might be, is ultimately held inadmissible is not a reason for prohibiting the discovery.  *See* Fed. R. Civ. P. 26(b)(1).  However, as with the Freshfields subpoena, Defendant has not articulated any reason why it should obtain Plaintiff's entire personnel file, including documents unrelated to the categories Defendant identified in the joint letter brief.  Accordingly, the subpoena will be quashed to the extent it seeks the entire personnel file.  Any produced documents are likewise subject to the protective order.

This Order disposes of Docket No. 131.

**IT IS SO ORDERED.**

Dated: April 2, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge