David W. Sanford (*admitted pro hac vice*)
dsanford@sanfordheisler.com
Andrew Melzer (*admitted pro hac vice*)
amelzer@sanfordheisler.com
Carolin Guentert (*admitted pro hac vice*)
cguentert@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
1350 Avenue of the Americas
New York, New York 10019
Telephone: (646) 402-5656
Facsimile: (646) 402-5651

Deborah K. Marcuse (*admitted pro hac vice*)
dmarcuse@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
111 S. Calvert, Suite 1950
Baltimore, MD 21202
Telephone: (410) 834-7420
Facsimile: (410) 834-7425

Ed Chapin (CA Bar No. 53287)
echapin2@sanfordheisler.com
Jill Sullivan Sanford (CA Bar No. 185757)
jsanford@sanfordheisler.com
**SANFORD HEISLER SHARP, LLP**
655 W. Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 577-4253
Facsimile: (619) 677-4250

*Attorneys for Plaintiffs*

*[Additional Attorneys Listed After*

*Signature Page]*

Rachel S. Brass (CA Bar No. 219301)
rbrass@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
555 Mission Street, Ste. 3000
San Francisco, CA 94105-092
Telephone: (415) 393-8200
Facsimile: (415) 374-8306

Catherine A. Conway (CA Bar No. 98366)
cconway@gibsondunn.com
Michele L. Maryott (CA Bar No. 191993)
mmaryott@gibsondunn.com
Ronald Gomez (CA Bar No. 295274)
rgomez@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

Amanda C. Machin (*admitted pro hac vice*)
amachin@gibsondunn.com
**GIBSON, DUNN & CRUTCHER LLP**
1050 Connecticut Avenue NW
Washington, D.C. 20036-5306
Telephone: (202) 955-8500
Facsimile: (202) 467-0539

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| SHERRY WILLIAM and JOSHUA ASHLEY KLAYMAN,<br><br>                                          Plaintiffs,<br><br>v.<br><br>MORRISON & FOERSTER LLP<br><br>                                          Defendant. | **Case No.: 3:18-cv-02542**<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated November 1, 2018, and Civil Local Rule 16-9.

## 1. <u>Jurisdiction & Service</u>

The parties agree that the Court has personal jurisdiction over Defendant Morrison & Foerster LLP ("Morrison" or the "Firm") because the Firm has offices and does business in California, and venue is proper pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3). The parties further agree that this Court has subject matter jurisdiction over the claims that arise under the laws of the United States, specifically those brought under Title VII, the Equal Pay Act ("EPA"), and the Family and Medical Leave Act ("FMLA") pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e-5(f)(3). Plaintiffs contend this Court may exercise supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a), and Defendant does not contest supplemental jurisdiction at this time. All parties have been served.

## 2. <u>Facts</u>

Plaintiffs Sherry William and Joshua Ashley Klayman are former associate and Of Counsel attorneys, respectively, at Morrison. They allege discrimination on the basis of gender, pregnancy, and maternity, and based on the taking of protected leave. Morrison disputes that any discrimination occurred and further disputes that this case is appropriate for class or collective treatment, and the Fourth Amended Complaint does not contain any class or collective allegations. The parties' positions on the detailed factual disputes at issue are set forth in the operative Fourth Amended Complaint and Answer. Dkt. Nos. 128-1, 129.

## 3. <u>Legal Issues</u>

Plaintiffs allege that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq*., as amended; the Equal Pay Act of 1963, 29 U.S.C. §§ 201, *et seq*.; the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq*.; the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940, *et seq*.; the California Equal Pay Act, Cal. Lab. Code § 1197.5; the California Family Rights Act, Cal. Gov. Code § 12945.2; the California Unfair Business Practices Act, Cal. Bus. and Prof. Code

§§ 17200, *et* seq., and parallel state and local laws in New York City. Their claims include, *inter alia*, discrimination in pay, failure to promote, wrongful termination and constructive discharge.

Defendant denies any liability.

**4.** **Motions**

**A.** **Prior Motions**

Plaintiffs moved to proceed under pseudonyms, which the Court granted. *See* Dkt. Nos. 2, 40, 55; 78. On December 10, 2019, Plaintiffs filed a notice that they no longer intend to proceed under pseudonyms. *See* Dkt. 114.

**B.** **Anticipated Future Motions and Stipulations of the Parties**

Defendant anticipates moving for summary judgment on the Plaintiffs' claims.

**5.** **Amendment of Pleadings**

To date, Plaintiffs have amended the complaint four times.  The last deadline to amend the complaint was February 14, 2020.

**6.** **Evidence Preservation**

The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), have met and conferred pursuant to Federal Rule of Civil Procedure 26(f), and will continue the process of meeting and conferring regarding reasonable and proportionate steps taken to preserve evidence relating to issues reasonably evident in this action and discovery of ESI. The Parties further agree that retention and preservation protocols will be further discussed as needed pursuant to Fed. R. Civ. P. 26(f). On May 21, 2019, the Court entered an order pursuant to a stipulation of the Parties regarding the production of documents and information. Dkt. No. 91.

**7.** **Disclosures**

The Parties served their initial disclosures required by Fed. R. Civ. P. 26(a)(1) on May 2, 2019 and will disclose additional witnesses and documents as they are identified.

**8.     Discovery**

    **A.     Discovery Taken to Date**

        The Parties have served and responded to written discovery requests, and are currently exchanging their respective document productions. The Parties agree that production of documents responsive to all existing and undisputed requests for production will be completed by April 30, 2020.

        Morrison deposed Sherry William and Joshua Klayman in connection with an earlier Complaint. Because document production was still ongoing, the parties agreed that their depositions should be held open to address any questions that arise in light of the production of documents on the eve of (in Ms. William's case) and subsequent to their depositions. Defendant will also seek to depose each plaintiff regarding new allegations made in the Fourth Amended Complaint.

        To date, Plaintiffs have deposed Morrison's Rule 30(b)(6) witness and one non-expert witness.

        Further amendments to the scheduling order in light of the Fourth Amended Complaint are proposed below.

    **B.     Scope of Anticipated Discovery**

        The Parties agree that each side should be limited to 10 depositions, pursuant to Federal Rule of Civil Procedure 30.  Because Morrison has taken depositions of individuals who are no longer party to the case, the parties agree that Morrison's further non-expert depositions be limited to 8, and Plaintiffs' total non-expert depositions be limited to 10.  The parties agree that additional depositions may be sought on a showing of good cause.

      **i.     Plaintiffs' Position**

        Plaintiffs anticipate that discovery may include discovery into: (a) defendant's employment and human resources policies, practices, procedures, and how those procedures were implemented with respect to Plaintiffs, their comparators, and the individuals alleged to have participated in discriminatory or retaliatory conduct against Plaintiffs; (b) pattern and practice evidence regarding Plaintiffs and potential comparators including employment data and information such as job level/title, job histories, and work assignments, promotions to partner and Of Counsel, determinations or redesignations of class year; and compensation, leave, billing rate, and hours information; (c) Defendant's organizational structure, including but not limited to lines of reporting, the allocation of decision-making authority, and any

oversight structures that may be in place; (d) information pertaining to complaints of and investigations into claims of discrimination on the basis of sex, pregnancy, or maternity and claims of retaliation; and (e) further discovery as to the merits of Plaintiffs' claims and damages.

### ii.    Defendant's Position

Morrison anticipates the need for affirmative discovery regarding Plaintiffs' individual claims, including, but not limited to, discovery regarding: (1) Plaintiffs' education, experience, and other qualifications; (2) Plaintiffs' communications regarding their alleged claims; (3) facts that Plaintiffs will rely on in support their claims; (4) Plaintiffs' alleged damages (both monetary and non-monetary); and (5) Plaintiffs' efforts to mitigate damages (e.g., documents related to their job search efforts).

### C.    Report on Stipulated E-Discovery Order

As noted above, the Court entered an order pursuant to a stipulation of the Parties regarding the production of both hard-copy documents and ESI. Dkt. No. 91.

### D.    Privilege

The Parties agree that disclosure of information protected by the attorney-client, work-product, or other applicable privilege or protection shall not constitute a waiver of any claim of privilege, and failure to assert a privilege in this litigation as to one document or communication or any portion thereof shall not be deemed to constitute a waiver of any claim of privilege as to any other document or communication or other portion thereof, even involving the same subject matter. The Parties have separately agreed upon a procedure for handling such inadvertent disclosures in their stipulated protective order. *See* Dkt. No. 87. The Parties have also addressed the logging of privileged documents in their ESI Discovery Plan. *See* Dkt. No. 91.

### E.    Identified Discovery Disputes

Both parties' productions are ongoing, and both parties anticipate that there may be further discovery disputes regarding those productions.

## 9.    Class Actions

This case is no longer a putative class action.

**10.    Related Cases**

Plaintiffs do not have any related cases before another judge of this court, or before another court or administrative body.

**11.    Relief**

    **A.    Plaintiffs' Position**

The prayer for relief in the Fourth Amended Complaint seeks the following relief on behalf of Plaintiffs:

      a.    Acceptance of jurisdiction of this case;

      b.    A declaratory judgment that the practices complained of therein are unlawful and violate, among other laws, 42 U.S.C. § 2000(e) *et seq.*, as amended; 29 U.S.C. § 2601, *et seq.*; 29 U.S.C. § 206, *et seq.*; and the applicable state and local laws;

      c.    An award of back pay, front pay, lost benefits, preferential rights to jobs, and other damages for lost compensation and job benefits suffered by the Plaintiffs, in an amount to be proved at trial;

      d.    An award of nominal, liquidated, and compensatory damages to Plaintiffs in an amount to be proved at trial;

      e.    Award punitive damages to Plaintiffs in an amount to be proved at trial;

      f.    An award of penalties available under applicable laws, including waiting time penalties;

      g.    An award of litigation costs and expenses, including reasonable attorneys' fees to the Plaintiffs;

      h.    An award of pre-judgment and post-judgment interest; and

      i.    Such other and further relief as the Court may deem just and proper.

    **B.    Defendant's Position**

Morrison seeks entry of judgment against Plaintiffs and in favor of Morrison.

**12.    Settlement and ADR**

In compliance with ADR Local Rule 3-5 and the Court's May 1, 2018 Order, Dkt. No. 4, the Parties filed their Stipulation and Proposed Order pertaining to ADR and ADR Certifications on July 12, 2018 and July 13, 2018, Dkt. Nos. 13-17. The Parties engaged in mediation before David Rotman on

October 10, 2018, before Dina Jansenson on September 9, 2019, and before Dina Jansenson again on January 7, 2020. At this time, the Parties believe that further negotiations will not be productive.

**13.    Consent to Magistrate Judge for All Purposes**

  __X__   YES   __NO

**14.    Other References**

The Parties believe that this case is not appropriate for a binding arbitration, the appointment of a special master, or the Judicial Panel on Multidistrict Litigation at this time.

**15.    Narrowing of Issues**

Morrison reserves the right to move for separate trials on each of the Named Plaintiffs' claims.

The Parties will work together to streamline the presentation of evidence at any trial in this case.

**16.    Expedited Trial Procedure**

The Parties do not believe that this case is appropriate for an expedited schedule.

**17.    Scheduling**

    **A.    Proposed Discovery Schedule**

The Parties will conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules, with the exceptions set forth below. The Parties agree that discovery deadlines may be extended by the Parties on consent without application to the Court. Pursuant to Federal Rule of Civil Procedure 5(b)(1)(E), the Parties agree that all disclosures, written discovery requests and written discovery responses may be served via electronic mail.

The Parties propose that all fact discovery is to be completed no later than July 31, 2020, and final Requests for Production of Documents, Interrogatories and Requests for Admission shall be served by June 29, 2020.

    **B.    Further Scheduling**

In addition to the proposed discovery schedule set forth above, the Parties shall make all motions in accordance with the timing prescribed by the Federal Rules of Civil Procedure.

The parties propose that all dispositive motions be filed on or before September 11, with oppositions to be filed on October 23 and reply briefs to be filed on November 6. A hearing on any

summary judgment motions will be held on November 12, or at an alternative date to be set for the convenience of the Court.

The Parties propose December 18, 2020 as the deadline to serve any expert reports related to Plaintiffs' respective damages (which shall also function as the disclosure of expert witnesses), and January 22, 2021 as the deadline to serve rebuttal expert reports. The parties propose that the depositions of all experts related to Plaintiffs' damages be completed by February 19, 2021. The Parties agree to accept service of subpoenas *duces tecum* on behalf of their respective experts. The Parties propose that the deadlines for any *Daubert* motions be set after a date for trial is scheduled.

**18.     Trial**

As set forth above, Morrison reserves the right to move for separate trials of each Plaintiff's claims. The Parties request that the Court set a trial date on or after March 1, 2021. Plaintiffs anticipate that a trial of both Plaintiffs' claims would take approximately 10 days, but Morrison anticipates that a single trial would take 5 days. In the event that separate trials are ordered on the two Plaintiffs' claims, the parties are prepared to proceed with each separate trial consecutively.

**19.     Disclosure of Non-party Interested Entities or Persons**

The Parties each filed a Certification of Interested Entities of Persons denoting the persons with an interest in this litigation. Dkt. Nos. 21, 26.

As of this date, other than the named parties, there is no such interest or funding for Plaintiffs to report.

Morrison & Foerster LLP is a limited liability partnership organized under the laws of California for the practice of law and has no corporate parent. Morrison maintains an insurance policy with AIG, which may be used to satisfy all or part of any judgment. As of this date, other than the named parties, there is no other such interest for Morrison to report.

**20.     Professional Conduct**

The Parties certify that all attorneys of record in this action have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.     Other**

None.

1    Dated: April 21, 2020                          Respectfully Submitted,

2

3                                                    _/s/_ Deborah K. Marcuse_____
                                                     Deborah K. Marcuse (*admitted pro hac vice*)
4                                                    David W. Sanford (*admitted pro hac vice*)
                                                     Andrew Melzer (*admitted pro hac vice*)
5                                                    Jill Sullivan Sanford (CA Bar No. 185757)
                                                     Danielle Fuschetti (CA Bar No. 294065)
6                                                    Hannah M. Wolf (*admitted pro hac vice*)
                                                     Carolin Guentert (*admitted pro hac vice*)
7

8                                                    **SANFORD HEISLER SHARP, LLP**

9                                                    *Attorneys for Plaintiffs*

10   Dated: April 21, 2020

11                                                   _/s/_ Michele L. Maryott_____
                                                     Catherine A. Conway (CA Bar No. 98366)
12                                                   Michele L. Maryott (CA Bar No. 191993)
                                                     Rachel S. Brass (CA Bar No. 219301)
13                                                   Amanda C. Machin (*admitted pro hac vice*)
                                                     Ronald Gomez (CA Bar No. 295274)
14

15                                                   **GIBSON, DUNN & CRUTCHER LLP**

16                                                   *Attorneys for Defendant*

17   [*Continued from Caption Page*]

18
     Danielle Fuschetti (CA Bar No. 294065)
19   dfuschetti@sanfordheisler.com
     **SANFORD HEISLER SHARP, LLP**
20   111 Sutter Street, Suite 975
     San Francisco, CA 94104
21   Telephone: (415) 795-2020
     Facsimile: (415) 795-2021
22
     Hannah M. Wolf (*admitted pro hac vice*)
23   hwolf@sanfordheisler.com
     **SANFORD HEISLER SHARP, LLP**
24   611 Commerce Street, Suite 3100
     Nashville, Tennessee 37203
25   Telephone: (615) 434-7004
     Facsimile: (615) 434-7020
26
     *Attorneys for Plaintiffs*
27

28

1

## CASE MANAGEMENT [PROPOSED] ORDER

2

3  The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the

4  Case Management Order for this case and all parties shall comply with its provisions.

5  [In addition, the Court makes the further orders stated below:]

6

7  IT IS SO ORDERED.

8  Dated:

9                                               HON. JACQUELINE S. CORLEY

10                                              UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28