UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY A. WILLIAM, et al., <br><br>Plaintiffs, <br><br>v. <br><br>MORRISON & FOERSTER LLP, <br><br>Defendant. | Case No.  18-cv-02542-JSC <br><br>**ORDER RE: JOINT DISCOVERY LETTER BRIEF AND ADMINISTRATIVE MOTION TO SEAL SAME** <br><br>Re: Dkt. No. 137 |

The parties' joint discovery letter brief regarding a privilege dispute is now pending before the Court. (Dkt. No. 137.)  The parties have filed a "consent administrative motion to seal" the discovery letter brief and all the exhibits thereto arguing that the letter brief and exhibits are sealable because the dispute involves a claim of attorney-client privilege and the attorney work product doctrine and the dispute is "highly sensitive." (Dkt. No. 137 at 2.)  Neither is a proper basis for sealing.

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Comm'ns, Inc*., 435 U.S. 589, 597 n.7 (1978); *see also Foltz v. State Farm Mutual Auto Ins. Co*., 331 F.3d 1122, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.").  Access to motions and their attachments that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing; however, filings that are only tangentially related to the merits may be sealed upon a lesser showing of "good cause." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097, 1101-02 (9th Cir. 2016).  The parties' motion to seal applies the compelling reasons standard and so the Court applies that standard as well. (Dkt. No. 137-1 at ¶ 3.)  Under the compelling reasons

1  standard the reasons must "outweigh the general history of access and the public policies favoring
2  disclosure." *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).
3  (internal quotation marks and citations omitted). Such compelling reasons include "the use of
4  records to gratify private spite, promote public scandal, circulate libelous statements, or release
5  trade secrets." *Id*. (internal quotation marks and citation omitted). "The mere fact that the
6  production of records may lead to a litigant's embarrassment, incrimination, or exposure to further
7  litigation will not, without more, compel the court to seal its records." *Id*.

8  Under Civil Local Rule 79–5, sealing is only permitted where the parties have
9  "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or
10  otherwise entitled to protection under the law." Civ. L.R. 79–5(b). It requires the parties to
11  "narrowly tailor" their requests only to the sealable material. *Id*. at 79–5(d). Thus, although
12  sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must
13  redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have
14  the virtue of being limited and clear").

15  While "[c]ourts generally accept attorney-client privilege and the work-product doctrine as
16  a 'compelling reason' justifying a motion to seal," the fact that the parties' discovery dispute
17  involves a claim of privilege does not in and of itself establish that the parties' dispute regarding
18  the claim of privilege and documents regarding the same (other than the allegedly privileged
19  documents) are confidential or properly sealable in their entirety. *WatchGuard Techs., Inc. v.*
20  *iValue Infosolutions Pvt. Ltd.*, No. C15-1697-BAT, 2017 WL 3581624, at *2 (W.D. Wash. Aug.
21  18, 2017) (collecting cases granting motions to seal redacted filings based on a claim of privilege);
22  *see also Diamond X Ranch LLC v. Atl. Richfield Co*., No. 13-00570, 2016 WL 3176577, at *4 (D.
23  Nev. June 3, 2016) ("the briefing that accompanies the information subject to the claim of
24  privilege or protection may be filed under seal, but only the information that is subject to that
25  claim of privilege or protection."). Accordingly, the consent administrative motion to seal is
26  DENIED as it is not narrowly tailored to only seek sealing of properly sealable information.

27  Further, in connection with the joint discovery letter brief Defendant submitted the
28  allegedly privileged documents for *in camera* review as well as declarations from the attorneys

who were the recipient and author of the at-issue communications. It is unclear why these declarations were submitted for *in camera* review and not attached to the joint discovery letter brief. Indeed, as with the other attachments to the joint discovery letter brief, it is unclear why the declarations should not be filed on the public docket.

Accordingly, Defendant shall provide Plaintiffs' counsel with the two declarations submitted *in camera* by Monday, August 24, 2020. After reviewing the declarations, Plaintiffs may file a supplement to their portion of the joint discovery letter brief. Plaintiffs' submission shall be no more than 2-pages exclusive of attachments and shall be filed by August 28, 2020.

In addition, within 7 days of this Order, the parties shall either publicly file the documents which were the subject to their administrative motion to seal or file a renewed narrowly tailored administrative motion to seal in accordance with Civil Local Rule 79-5(b).

This Order disposes of Docket No. 137.

**IT IS SO ORDERED.**

Dated: August 20, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3