1   RACHEL S. BRASS, SBN 219301
      rbrass@gibsondunn.com
2   GIBSON, DUNN & CRUTCHER LLP
    555 Mission Street, Suite 3000
3   San Francisco, CA 94105-0921
    Telephone:    415.393.8200
4   Facsimile:  415.393.8306

5   MICHELE L. MARYOTT, SBN 191993
      mmaryott@gibsondunn.com
6   LAUREN M. BLAS, SBN 296823
      lblas@gibsondunn.com
7   RONALD GOMEZ, SBN 295274
      rgomez@gibsondunn.com
8   GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Avenue
9   Los Angeles, CA  90071-3197
    Telephone:    213.229.7000
10  Facsimile:    213.229.7520

11  AMANDA C. MACHIN, *admitted pro hac vice*
      amachin@gibsondunn.com
12  GIBSON, DUNN & CRUTCHER LLP
    1050 Connecticut Avenue N.W.
13  Washington, D.C. 20036-5306
    Telephone:    202.955.8500
14  Facsimile:  202.467.0539

15  *Attorneys for Defendant*

DAVID W. SANFORD, *admitted pro hac vice*
  dsanford@sanfordheisler.com
ANDREW MELZER, *admitted pro hac vice*
  amelzer@sanfordheisler.com
CAROLIN GUENTERT, *admitted pro hac vice*
  cguentert@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
1350 Avenue of the Americas, 31st Floor
New York, New York 10019
Telephone: (646) 402-5656
Facsimile: (646) 402-5651

DEBORAH K. MARCUSE, *admitted pro hac vice*
  dmarcuse@sanfordheisler.com
SANFORD HEISLER SHARP, LLP
111 S. Calvert St., Suite 1950
Baltimore, MD 21202
Telephone: (410) 834-7420
Facsimile: (410) 834-7425

*Attorneys for Plaintiffs*

[Additional Attorneys Listed After Signatures]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  SHERRY A. WILLIAM and JOSHUA<br>20  ASHLEY KLAYMAN,<br><br>21          Plaintiffs,<br><br>22      v.<br><br>23  MORRISON & FOERSTER LLP,<br><br>24          Defendant. | CASE NO. 3:18-cv-02542-JSC<br><br>**JOINT SUBMISSION RE PLAINTIFF SHERRY A. WILLIAM'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL AND DEFENDANT'S MOTION TO FILE DOCUMENTS UNDER SEAL IN CONNECTION WITH PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>**Hearing:**<br>Date:      January 21, 2021<br>Time:      9:00 a.m.<br>Place:     Courtroom E, 15th Floor<br>Judge:    Hon. Jacqueline Scott Corley |

On November 9, 2020, Plaintiff Sherry A. William filed her Administrative Motion to File Documents Under Seal and supporting documents, including the Declaration of Deborah J. Marcuse. [*See* Dkts. 173 and 173-1.]  On November 20, 2020, Defendant Morrison & Foerster LLP ("Morrison" or "Defendant") filed its response to Plaintiff William's Administrative Motion to File Under Seal and affirmatively moved to seal certain excerpts of documents outlined in the accompanying Declaration of Michele L. Maryott.  [*See* Dkts. 190 and 190-1.]  The Parties met and conferred regarding their respective motions and have come to a resolution on a number of excerpts and documents previously at issue.  Specifically, (1) the Parties do not dispute the sealing of declarations or exhibits produced by third-parties, or portions of the opposition to the summary judgment motion relying on third-party declarations or exhibits; (2) Morrison does not oppose Plaintiffs' motion to seal certain portions of the opposition or exhibits; (3) Morrison has agreed to modify its motion to seal as to certain exhibits; and (4) the Parties also acknowledge that certain redactions to the exhibits were made prior to their initial production in this case, pursuant to the Parties' stipulated protective order, and neither party objects to those redactions remaining in place.  Although the Parties have reached agreement regarding the vast majority of excerpts and documents, some disputes remain.

In an effort to streamline the Court's review of the Parties' motions, the Parties jointly provide this submission to advise the Court regarding the outstanding areas of dispute and areas of agreement.

The parties propose jointly lodging with the Court the agreed-upon redactions, and for those few remaining disputed redactions, their respective competing proposals.  To the extent a different approach would be most useful to the Court, the parties will work together to facilitate streamlining this process as much as possible.

| Page | Plaintiff's Position | Morrison's Position | Resolution |
|------|----------------------|---------------------|------------|
| **William Opp'n at ii:9** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| **William Opp'n at 1:10** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 2:11** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 2:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect identity of a non-party attorneys.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | No dispute.  Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 2:14 (second redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source | Morrison moves to seal the cited portion of the Opposition to protect identity of a non-party attorney contained in the | **Disputed.** |

| | | | |
|---|---|---|---|
| | documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not identify any non-party attorneys by name. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | source document. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 2:15** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 2:18** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 2:19** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and | Morrison moves to seal the portion of the Opposition citing Exhibit 32 (MORRISON-0000295) because the source document consists of confidential and | **Disputed.** |

| | | | |
|---|---|---|---|
| | Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | |
| **William Opp'n at 2:23** | *Plaintiffs redacted the cited portion of the Opposition but due to clerical error, the cited portion of the Opposition was not included in the Declaration in support of the Opposition.*<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 38 (MORRISON-003845) because the source documents consist of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |
| **William Opp'n at 2:28** | The cited portion of the opposition brief is provisionally filed under | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited |

| | | | |
|---|---|---|---|
| | seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | portion of the Opposition under seal. |
| **William Opp'n at 3:2–4** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:5 (first redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:5 (second redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | A second redaction is not visible. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| **William Opp'n at 3:9–10** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:12** | The cited portion of the opposition brief is provisionally filed under seal because Defendant and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:15–17** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:18–20** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | | |
| **William Opp'n at 3:20–21** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:22–23** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 3:24** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 4:2–4** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| William Opp'n at 4:9 | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| William Opp'n at 4:15 | The cited portion of the opposition brief is filed under seal to protect from unnecessary and harmful public disclosure the name of Plaintiff's minor child. | Morrison does not object to Plaintiff's motion to seal the cited portion of the Opposition. | No dispute. Plaintiffs request the Court grant their motion to seal the cited portion of the Opposition. |
| William Opp'n at 4:21–22 | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| William Opp'n at 4:23 | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| **William Opp'n at 5:6–8** | The cited portion of the opposition brief is provisionally filed under seal because Defendant and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality.<br><br>Plaintiffs oppose sealing the select text that refers to partners by name and withdraw their motion to provisionally file those portions of the Opposition under seal.  Plaintiffs do not oppose sealing the names of non-partner attorneys and the surrounding text. | Morrison moves to seal select text to protect identities of a non-party attorneys.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 5:10** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 5:12–13** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and | Morrison moves to seal select text to protect confidential, sensitive, and competitive information regarding its billing practices.  Publicity would cause | **Disputed.** |

| | | competitive harm to Morrison, as the cited text discloses confidential information about Morrison's billing practices and rates and public disclosure would give third-parties insights into confidential and sensitive aspects of each of Morrison's strategies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Morrison.  (*See* Dkt. 190 at p. 4.). | |
|---|---|---|---|
| | Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation.  Plaintiffs oppose sealing as the cited portion does not reveal commercially sensitive information. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | | |
| **William Opp'n at 7:12–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 7:14–20** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation.  Plaintiffs oppose sealing as the cited portion does not contain names or identifying information of non-party attorneys. Plaintiffs do not oppose sealing the name of the non-party attorney in the | Morrison moves to seal the cited portion of the Opposition to protect identity of a non-party attorney contained in the source document. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |

|  |  |  |  |
|---|---|---|---|
|  | source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |  |  |
| **William Opp'n at 7:22 (first redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 7:22 (second redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 7:28 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 8:3–4** | The cited portion of the opposition brief is provisionally filed under seal because Defendant | Morrison moves to seal the portion of the Opposition citing Exhibit 32 (MORRISON- | **Disputed.** |

| | | designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | 0000295) because the source document consists of confidential and sensitive evaluations and compensation policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | |
|---|---|---|---|---|
| **William Opp'n at 8:7** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of | Morrison moves to seal the portion of the Opposition citing Exhibit 32 (MORRISON-0000295) because the source document consists of confidential and sensitive evaluations and compensation policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |

| | the Opposition under seal. | | |
|---|---|---|---|
| **William Opp'n at 8:10–18** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 32 (MORRISON-0000295) and Exhibit 38 (MORRISON-003845) because the source documents consist of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |
| **William Opp'n at 9:19** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 9:23–24** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. | **Disputed.** |

| | | | |
|---|---|---|---|
| | confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. The cited portion of the opposition brief is also provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs do not oppose sealing the name of the non-partner attorney. Plaintiffs oppose sealing the remainder of the select text, as it does not identify the non-partner attorney. Plaintiffs withdraw their motion to provisionally file those portions of the Opposition under seal. | Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 9:25 (first redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |

| | | | |
|---|---|---|---|
| **William Opp'n at 9:25–26** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not contain names or identifying information of the non-partner attorney. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 9:26 (second redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 10:2–3** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. | **Disputed.** |

| | | | |
|---|---|---|---|
| | their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not contain names or identifying information of the non-partner attorney. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 10:4–5** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs do not oppose sealing the name of the non-partner attorney. Plaintiffs oppose sealing the remainder of the select text, as it does not identify the non-partner attorney. Plaintiffs withdraw their motion to provisionally file those portions of the Opposition under seal. | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 10:7** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests in personal information outweigh the | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |

| | | | |
|---|---|---|---|
| | 79-5(e)(1) establishing their confidential designation. | public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 10:7–9** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs do not oppose sealing the name of the non-party attorney and a reference to the attorney's family members. Plaintiffs oppose sealing the remainder of the select text, as it does not identify the non-partner attorney. Plaintiffs withdraw their motion to provisionally file those portions of the Opposition under seal. | Morrison moves to seal the cited portion of the Opposition to protect the name and confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 10:13–15** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect the identities of non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 10:23–11:2** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| **William Opp'n at 10:24–28 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect the identities of non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 11:22** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 11:24–25** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the portion of the Opposition citing Exhibit 37 (MORRISON-0002369) and Exhibit 38 (MORRISON-003845) because the source documents consist of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to | **Disputed.** |

| | | | |
|---|---|---|---|
| | Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source documents. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | |
| **William Opp'n at 11:26** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.

Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source documents. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 37 (MORRISON-0002369) and Exhibit 38 (MORRISON-003845) because the source documents consist of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |
| **William Opp'n at 11:28** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| **William Opp'n 12:1–2** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 12:6** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 38 (MORRISON-003845) because the source document consists of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |
| **William Opp'n at 12:7–9** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| **William Opp'n at 12:9–13** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source documents. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 38 (MORRISON-003845) because the source document consists of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |
| **William Opp'n at 12:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the portion of the Opposition citing Exhibit 37 (MORRISON-0002369) and Exhibit 38 (MORRISON-003845) because the source documents consist of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to | **Disputed.** |

| | | | |
|---|---|---|---|
| | | Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source documents. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | |
| **William Opp'n at 12:20–21** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 12:24–25 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. | Morrison moves to seal the portion of the Opposition citing Exhibit 37 (MORRISON-0002369) because the source document consists of confidential and sensitive evaluations and compensation policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill | **Disputed.** |

| | | | |
|---|---|---|---|
| | Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison's ability to solicit peer feedback on employee performance. | |
| **William Opp'n at 13:2–3** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:4–5** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:7–9** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:10–11** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as | Morrison moves to seal the portion of the Opposition citing Exhibit 42 (MORRISON-4800) and Exhibit 43 (MORRISON-4975) | **Disputed.** |

| | | | |
|---|---|---|---|
| | confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source documents. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | because the source documents consist of confidential information relating to Morrison's evaluation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | |
| **William Opp'n at 13:12–13** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n 13:14–16** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| **William Opp'n at 13:17–18** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:20** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:21** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:22–24** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | their confidential designation. | | |
| **William Opp'n at 13:27–28 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 13:28 (footnote; second redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 14:1–3** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 14:3–4** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | | |
| **William Opp'n at 14:5** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 14:12** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation.  Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the  portion of the Opposition citing Exhibit 43 (MORRISON-4975) because the source document consists of confidential information relating to Morrison's evaluation policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | **Disputed.** |
| **William Opp'n at 14:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited |

| | | | |
|---|---|---|---|
| | designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | portion of the Opposition under seal. |
| **William Opp'n at 14:23** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential information and the handwritten nature of the source document is irrelevant. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 70 (MORRISON-14557) because the source document consists of handwritten notes, the disclosure of which could chill candor in taking notes that may be necessary in the course of conducting business. (*See* Dkt. 190 at p. 5.) | **Disputed.** |
| **William Opp'n at 14:27** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 15:3** | The cited portion of the opposition brief is filed under seal to protect | Morrison does not object to Plaintiff's motion to | No dispute. Plaintiffs' request the Court grant their motion to seal the |

|  |  |  |  |
|---|---|---|---|
|  | from unnecessary and harmful public disclosure the name of Plaintiff's minor child. | seal the cited portion of the Opposition. | cited portion of the Opposition. |
| **William Opp'n at 15:5–6** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 15:7** | The cited portion of the opposition brief is provisionally filed under seal because Defendant and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 15:11–12** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 15:16–19** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source | Morrison moves to seal the portion of the Opposition citing Exhibit 52 (MORRISON-7339) because the source | **Disputed.** |

|  |  |  |  |
|---|---|---|---|
|  | documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices, nor does it identify any non-party attorneys by name. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | document consists of confidential employment histories of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison, as the document discloses confidential information about Morrison's performance evaluation policies. Specifically, disclosure would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on partner performance. |  |
| **William Opp'n at 15:20–21** | The cited portion of the opposition brief is provisionally filed under seal because Defendant | Morrison moves to seal the portion of the Opposition citing Exhibit 52 (MORRISON-7339) | **Disputed.** |

| | | | |
|---|---|---|---|
| | designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.

Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices, nor does it identify any non-party attorneys by name. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | because the source document consists of confidential employment histories of a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.

Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)

Publicity would also cause competitive harm to Morrison, as the document discloses confidential information about Morrison's performance evaluation policies.  Specifically, disclosure would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on partner performance. | |
| **William Opp'n at** | The cited portion of the opposition brief is provisionally filed under | Morrison moves to seal the portion of the Opposition citing Exhibit | **Disputed.** |

| | | | |
|---|---|---|---|
| **15:27–28 (footnote)** | seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's compensation, business development, and evaluation policies and practices, nor does it identify any non-party attorneys by name. Consistent with their position outlined in Dkt. 168, Plaintiffs maintain that these documents go to central issues of the merits of the action, and public disclosure of such records may encourage rather than chill feedback. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | 45 (MORRISON-5115) because the source document consists of feedback given by associates. Public disclosure may chill Morrison's ability to solicit feedback from associates. (*See* Dkt. 190 at p. 4.) | |
| **William Opp'n at 15:28, 16:26–28 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition citing Exhibit 44 (MORRISON-5088) because the source document consists of feedback given by associates. Public disclosure may chill Morrison's ability to solicit feedback from associates. (*See* Dkt. 190 at p. 4.) | **Disputed.** |

| | | | |
|---|---|---|---|
| | Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's compensation, business development, and evaluation policies and practices, nor does it identify any non-party attorneys by name. Consistent with their position outlined in Dkt. 168, Plaintiffs maintain that these documents go to central issues of the merits of the action, and public disclosure of such records may encourage rather than chill feedback. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | | |
| **William Opp'n at 16:28 (footnote, second redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's compensation, business development, and evaluation policies and practices, nor does it identify any non-party attorneys by name. Consistent with their | Morrison moves to seal the portion of the Opposition citing Exhibit 55 (MORRISON-8036) because the source document consists of feedback given by associates.  Public disclosure may chill Morrison's ability to solicit feedback from associates.  (*See* Dkt. 190 at p. 4.) | **Disputed.** |

| | | | |
|---|---|---|---|
| | position outlined in Dkt. 168, Plaintiffs maintain that these documents go to central issues of the merits of the action, and public disclosure of such records may encourage rather than chill feedback. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | | |
| **William Opp'n at 17:10–11** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 17:12–13** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 17:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | their confidential designation. | | |
| **William Opp'n at 17:21** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 17:22–23** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 17:23–24** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 17:24** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | | |
| **William Opp'n at 18:2–3** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs do not oppose sealing the name of the non-partner attorney. Plaintiffs oppose sealing the remainder of the select text, as it does not identify the non-partner attorney. Plaintiffs withdraw their motion to provisionally file those portions of the Opposition under seal. | Morrison moves to seal select text to protect identities of a non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 18:11–12** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 18:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
|---|---|---|---|
| **William Opp'n at 19:3–4** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 19:6–7** | The cited portion of the opposition brief is provisionally filed under seal because Defendant and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 19:8–9** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| **William Opp'n at 19:9–10** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 19:10–12** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 19:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 19:19–20** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | | |
| **William Opp'n at 19:20–22** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 19:25–26 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Motion to protect identities of a non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 20:1** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 20:2 – 5** | The cited portion of the opposition brief is provisionally filed under | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited |

| | | | |
|---|---|---|---|
| | seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | portion of the Opposition under seal. |
| **William Opp'n at 20:10 – 11** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 20:11–13** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 20:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| **William Opp'n at 20:14–16** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing their confidential designation. | Morrison moves to seal select text of the Opposition to protect identities of a non-party attorneys.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute.  Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 20:22–23** | The cited portion of the opposition brief is provisionally filed under seal because Defendants and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 20:25** | The cited portion of the opposition brief is provisionally filed under seal because Defendants and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 20:25–21:1** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
|---|---|---|---|
| **William Opp'n at 20:27–28 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 21:2–3** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 21:3** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 21:5** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | | |
| **William Opp'n at 21:7** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison moves to seal the cited portion of the Opposition to protect the identity of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |
| **William Opp'n at 21:8–10** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices, nor does it identify any non-party attorneys by name. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the | Morrison moves to seal the portion of the Opposition citing Exhibit 62 (MORRISON-10045) because the source document consists of the confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |

| | | | |
|---|---|---|---|
| | cited portion of the Opposition under seal. | Publicity of the source document would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
| **William Opp'n at 21:11** | The cited portion of the opposition brief is provisionally filed under seal because Defendant and Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.  Plaintiffs waive confidentiality. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 21:13–14** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing | Morrison moves to seal the portion of the Opposition citing Exhibit 62 (MORRISON-10045) because the source document consists of the confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or | **Disputed.** |

| | | | |
|---|---|---|---|
| | | their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices, nor does it identify any non-party attorneys by name. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity of the source document would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
| **William Opp'n at 21:15–16** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity | Morrison moves to seal the portion of the Opposition to protect confidential and sensitive information related to billing rates and practices.  Publicity would cause competitive harm to Morrison, as this | **Disputed.** |

| | | | |
|---|---|---|---|
| | to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's billing policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | document discloses confidential information about Morrison's billing practices and rates. Disclosure of this information would cause competitive harm to Morrison by giving third-parties insights into confidential and sensitive aspects of each of Morrison's strategies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Morrison. (*See* Dkt. 190 at p. 4.) | |
| **William Opp'n at 21:16–17** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not identify any non-party attorneys by name. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 8 (Peck Tr.) because the source document consists of the confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 21:18–19** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as | Morrison moves to seal the portion of the Opposition citing Exhibit 80 (MORRISON-24804) because the source document consists of the | **Disputed.** |

| | | | |
|---|---|---|---|
| | confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not identify any non-party attorneys by name. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 21:23–26 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n 21:26–27 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality. | Morrison moves to seal the cited portion of the Opposition to protect the identity of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. | **Disputed.** |

| | | | |
|---|---|---|---|
| | Plaintiffs oppose sealing as the cited portion does not identify any non-party attorneys by name. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | | |
| **William Opp'n at 21:28 (footnote, first redaction)** | The cited portion of the opposition brief is provisionally filed under seal because Plaintiffs designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. Plaintiffs waive confidentiality.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's billing policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the cited portion of the Opposition to protect confidential and sensitive information related to billing rates and practices. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's billing practices and rates. Public disclosure would give third-parties insights into confidential and sensitive aspects of each of Morrison's strategies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Morrison. (*See* Dkt. 190 at p. 4.)<br><br>Morrison further moves to seal the cited portion of the Opposition to protect the identity of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 21:28 (footnote, second and** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated non-partner | Morrison moves to seal the cited portion of the Opposition to protect the identities of non-party attorneys. Disclosure of | No dispute. Morrison requests the Court grant its motion to seal the cited portion of the Opposition. |

| | | | |
|---|---|---|---|
| **third redaction)** | names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | this information could cause undue embarrassment or reputational harm to the non-parties. | |
| **William Opp'n at 22:8** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 36 (MORRISON-0000792) because the source document consists of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's performance evaluation policies. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | **Disputed.** |

| | | Public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | |
|---|---|---|---|
| **William Opp'n at 22:18–20** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation. | Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 22:21–23:1** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs oppose sealing as the cited portion does not reveal any confidential or sensitive information relating to Morrison's performance and evaluation policies and practices. Plaintiffs do not oppose sealing of the source document. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Morrison moves to seal the portion of the Opposition citing Exhibit 36 (MORRISON-0000792) because the source document consists of confidential and sensitive evaluations and compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>In addition, public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | **Disputed.** |
| **William Opp'n at 22:23 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source | Morrison moves to seal the cited portion of the Opposition to protect the name and employment history of a non-party | **Disputed.** |

| | | | |
|---|---|---|---|
| | documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br>The cited portion of the opposition brief is also provisionally filed under seal because Defendant designated non-partner names and identifying information or client confidential information as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs do not oppose sealing the name of the non-partner attorney. Plaintiffs oppose sealing the remainder of the select text, as it does not identify the non-partner attorney. Plaintiffs withdraw their motion to provisionally file those portions of the Opposition under seal. | attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 22:24 (footnote)** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br>Plaintiffs oppose sealing as the cited portion does | Morrison moves to seal the portion of the Opposition citing Exhibit 80 (MORRISON-24804) because the source document consists of the confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. | **Disputed.** |

| | | | |
|---|---|---|---|
| | not identify any non-party attorneys by name. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
| **William Opp'n at 22:25–28** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs do not oppose sealing the name of the non-partner attorneys. Plaintiffs oppose sealing the remainder of the select text, as it does not identify the non-partner attorneys. Plaintiffs withdraw their motion to provisionally file those portions of the Opposition under seal. | Morrison moves to seal the cited portion of the Opposition to protect the identities and confidential employment histories of a non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **William Opp'n at 23:16–17** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing | No proposed redactions are visible on page 22:16-17.<br><br>To the extent Plaintiff intended to cite to 23:16-17, Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| | their confidential designation.<br><br>Plaintiffs intended to cite to 23:16-17. | | |
| **William Opp'n at 23:18** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs intended to cite to 23:18. | To the extent Plaintiff intended to cite to 23:18, Morrison waives confidentiality. | No dispute. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |
| **William Opp'n at 23:19–20** | The cited portion of the opposition brief is provisionally filed under seal because Defendant designated source documents as confidential and Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing their confidential designation.<br><br>Plaintiffs intended to cite to 23:19-20. Plaintiffs oppose sealing as the cited portion does not reveal any confidential information and the handwritten nature of the source document is irrelevant. Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. | To the extent Plaintiff intended to cite to 23:19-20, Morrison moves to seal the portion of the portion of the Opposition citing Exhibit 70 (MORRISON-0014557) to protect handwritten notes, the disclosure of which could chill candor in taking notes that may be necessary in the course of conducting business. (*See* Dkt. 190 at p. 4.) | **Disputed.** |
| **Marcuse Decl. Ex. 1, Excerpts of the Certified** | Plaintiffs seek to seal portions of Exhibit 1 to protect client confidential information relating to | Morrison moves to seal select portions of this transcript to protect names and identifying | No dispute. The Parties agree to the proposed redactions in the version |

| | | | |
|---|---|---|---|
| **Transcript of the August 1, 2019 Deposition of Sherry A. William ("William I Tr.")** | Plaintiff William's prior employment at a law firm that is not a party to this matter, as well as the names and identifying information or sensitive private information of individuals who are not parties to this litigation or employees of Defendant, including Plaintiff's minor children. The remainder of Exhibit 1 is provisionally filed under seal because Plaintiffs previously designated this transcript as confidential, but Plaintiffs now intend to waive their confidential designation except as to the identified portions of the document described above which they move to seal. Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and filed under seal. | information for non-party attorneys and third-parties. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | to be lodged with the Court. |
| **Marcuse Decl. Ex. 2, Excerpts of the Certified Transcript of the July 9, 2020 Deposition of Sherry A. William ("William II Tr.")** | Plaintiffs seek to seal portions of Exhibit 2 to protect the name of Plaintiff's minor child. The remainder of Exhibit 2 is provisionally filed under seal because Plaintiffs previously designated this transcript as confidential, but Plaintiffs now intend to waive their confidential designation except as to the identified portions of the document described | Morrison moves to seal select portions of this transcript to protect the identity of a non-attorney employee. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| | above which they move to seal.  Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and filed under seal. | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
| **Marcuse Decl. Ex. 3, Excerpts of the Certified Transcript of the July 22, 2020 Deposition of Jeffrey Chester ("Chester Tr.")** | Exhibit 3 is provisionally filed under seal because Defendant previously designated this transcript as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.<br><br>Plaintiffs object to Morrison's redactions as overbroad and have proposed narrower redactions. | Morrison moves to seal select portions of this transcript to protect the identities of a non-partner attorneys and third-parties.  Morrison further moves to seal select portions of the transcript concerning private information of a third-party.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal select portions of the transcripts concerning the performance of certain practice groups. Publicity would cause competitive harm to Morrison as this documents discloses its confidential financial information, and public disclosure would cause competitive harm to Morrison with respect to recruiting and retaining attorneys and business | **Partially disputed.** The Parties will lodge with the Court their competing redaction proposals. |

| | | development.  (*See* Dkt. 190 at p. 4.)

Morrison further moves to seal select portions of the transcript to protect the identity of a Morrison client.  Disclosure of this information could cause embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)

Morrison waives confidentiality of the remaining portions of this exhibit. | |

| **Marcuse Decl. Ex. 4, Excerpts of the Certified Transcript of the July 29, 2020 Deposition of Elizabeth Sluder ("Sluder Tr.")** | Exhibit 4 is provisionally filed under seal because Defendant previously designated this transcript as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal select portions of this transcript to protect the identities of a non-partner attorneys and third-parties.  Morrison further moves to seal select portions of the transcript concerning private information of a third-party.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)

Morrison further moves to seal select portions of the transcript to protect the identity of a Morrison client.  Disclosure of this information could cause embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 5, Excerpts of the Certified Transcript of the July 30, 2020 Deposition of Janet Stone Herman ("Herman Tr.")** | Exhibit 5 is provisionally filed under seal because Defendant previously designated this transcript as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.<br><br>Plaintiffs object to Morrison's redactions as overbroad and have proposed narrower redactions. | Morrison moves to seal select portions of the transcript concerning handwritten notes, the disclosure of which could chill candor in taking notes that may be necessary in the course of conducting business. (*See* Dkt. 190 at p. 4.)<br><br>Morrison moves to seal select portions of this transcript to protect the identity of a non-partner attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | **Partially disputed.** The Parties will lodge with the Court their competing redaction proposals. |
| **Marcuse Decl. Ex. 6, Excerpts of the Certified Transcript of the May 19, 2020 Deposition of Gary Lee ("Lee Tr.")** | Exhibit 6 is provisionally filed under seal because Defendant previously designated this transcript as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal select portions of the errata to protect the identity of a Morrison client. Disclosure of this information could cause embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 8, Excerpts of the Certified Transcript of the July 24, 2020 Deposition of Mark Wojciechowski ("Wojciechowski Tr.")** | Exhibit 7 is provisionally filed under seal because Defendant previously designated this transcript as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.<br><br>Plaintiffs object to Morrison's redactions as overbroad and have proposed narrower redactions. | Morrison clarifies that the certified transcript of Mark Wojciechowski is identified as Exhibit 8 in Plaintiff's Opposition.<br><br>Morrison moves to seal select portions of this transcript concerning the confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | **Partially disputed.** The Parties will lodge with the Court their competing redaction proposals. |
| **Marcuse Decl. Ex. 7, Excerpts of the Certified Transcript of the May 22, 2020 Deposition of Geoffrey Peck ("Peck Tr.")** | Exhibit 8 is provisionally filed under seal because Defendant previously designated this transcript as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison clarifies that the certified transcript of Geoffrey Peck is identified as Exhibit 7 in Plaintiff's Opposition.<br><br>Morrison moves to seal select portions of this transcript concerning the confidential employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or | **Partially disputed.** The Parties will lodge with the Court their competing redaction proposals. |

| | | | |
|---|---|---|---|
| | Plaintiffs object to Morrison's redactions as overbroad and have proposed narrower redactions. | reputational harm to the non-party.<br><br>Plaintiffs have failed to articulate a valid reason why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal select portions of this transcript to protect confidential, sensitive, and competitive information regarding its billing practices. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's billing practices and public disclosure would give third-parties insights into confidential and sensitive aspects of each of Morrison's strategies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Morrison.  (*See* Dkt. 190 at p. 4.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
| **Marcuse Decl. Ex. 9, Excerpts of the Certified Transcript of the March 3,** | Exhibit 9 is provisionally filed under seal because Defendant previously designated this transcript as confidential.  Plaintiffs seek to provide | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file the cited portion of the Opposition under seal. |

| | | | |
|---|---|---|---|
| **2020 Deposition of Anna Erickson White ("White Tr.")** | Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | | |
| **Marcuse Decl. Ex. 10, Defendant's Objections and Responses to Plaintiffs' First Set of Requests for Admission** | Exhibit 10 is provisionally filed under seal because Defendant previously designated portions of this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.<br><br>Plaintiffs object to Morrison's redactions as overbroad and have proposed narrower redactions. | Morrison moves to seal select portions of this Exhibit where the source document quoted in the exhibit concerns confidential an sensitive evaluations and compensation policies. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>Morrison further moves to seal select portions of this exhibit to protect the names and identifying information, compensation, and employment histories of non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.<br><br>Plaintiffs have failed to articulate a valid reason | **Partially disputed.** The Parties will lodge with the Court their competing redaction proposals. |

| | | why this Court should decline to protect third-party privacy interests, particularly when Plaintiffs sought permission to proceed under pseudonyms. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal select portions of this exhibit to protect confidential and sensitive information concerning Morrison's compensation policies and practices. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's compensation policies. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 11, Plaintiff Sherry A. William's Amended Objections and Responses to** | Exhibit 11 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation. Because | Morrison moves to seal select portions of this exhibit to protect the identities of non-party attorneys and employees. Disclosure of this information could cause undue embarrassment or reputational harm to the | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| **Defendant's First Set of Interrogatories** | Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing that portions of this document should be designated confidential and filed under seal. | non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
| **Marcuse Decl. Ex. 12, Plaintiff Sherry A. William's Third Amended Responses to Defendant's Second Set of Interrogatories** | Plaintiffs seek to seal portions of Exhibit 12 to protect the names and identifying information including contact information of individuals who are not parties to this litigation or employees of Defendant.  The remainder of Exhibit 12 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation.  Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and filed under seal. | Morrison moves to seal select portions of this exhibit to protect the identities of non-party attorneys and employees. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal portions of this exhibit to protect names and identifying information for Morrison's clients. Disclosure of this information would implicate attorney-client privilege and otherwise risk harm to non-party clients by disclosing confidential information. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.<br><br>Morrison waives confidentiality of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 13, Defendant's Objections and Responses to Plaintiffs' Third Set of Interrogatories** | Exhibit 13 is provisionally filed under seal because Defendant previously designated portions of this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal select portions of this exhibit to protect confidential employment histories of a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)  Publicity would also cause competitive harm to Morrison, as the document discloses confidential information about Morrison's partnership compensation and evaluation policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing.  (*See* Dkt. 190 at pp. 3–4.)<br><br>Morrison waives confidentiality of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 14, DOES000061** | Exhibit 14 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation.  Because Defendant may have otherwise relied on Plaintiffs' confidential | Morrison moves to seal portions of this exhibit to protect names and identifying information for non-party attorneys and employees.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| | designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and filed under seal. | public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal portions of this exhibit to protect names and identifying information for Morrison's clients. Disclosure of this information would implicate attorney-client privilege and otherwise risk harm to non-party clients by disclosing confidential information. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
| **Marcuse Decl. Ex. 15, DOES000063** | Exhibit 15 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation. Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and filed under seal. | Morrison moves to seal portions of this exhibit to protect the identity of Morrison's client. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 16, DOES001218** | Plaintiffs seek to file under seal portions of Exhibit 16 that include the name and contact information of a non-party and client | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit. | No dispute. Plaintiffs request the Court grant their motion to seal select portions of this exhibit. |

| | | confidential information relating to Plaintiff William's prior employment at a law firm that is not a party to this matter. | Morrison waives confidentiality of this exhibit. | |
|---|---|---|---|---|
| **Marcuse Decl. Ex. 18, DOES002620** | | Exhibit 18 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation.  Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing that portions of this document should be designated confidential and filed under seal. | Morrison moves to seal portions of this exhibit to protect the identity of a non-partner attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison also moves to seal select portions of this exhibit to protect the personal phone number of a non-party. Disclosure of this information would infringe on this non-party's privacy.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 19, DOES002781** | | Plaintiffs seek to file under seal portions of Exhibit 19 that contain Plaintiff William's home address and contact information. | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.<br><br>Morrison waives confidentiality of this exhibit. | No dispute.  Plaintiffs request the Court grant their motion to seal select portions of this exhibit. |
| **Marcuse Decl. Ex. 20, DOES32223** | | Exhibit 20 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential | Morrison moves to seal this exhibit in its entirety to protect confidential and sensitive pricing information and business terms.  Publicity would cause competitive harm to Morrison, as this | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | designation.  Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing that portions of this document should be designated confidential and filed under seal. | document discloses confidential information about Morrison's billing practices and rates. Public disclosure would give third-parties insights into confidential and sensitive aspects of each of Morrison's strategies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Morrison.  (*See* Dkt. 190 at p. 4.) | |
| **Marcuse Decl. Ex. 21, DOES34203** | Plaintiffs seek to file under seal portions of Exhibit 21 to protect Plaintiff's contact information and names and identifying information or sensitive private information of individuals who are not parties to this litigation or employees of Defendant, including Plaintiff's minor child. | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.

Morrison waives confidentiality of this exhibit. | No dispute.  Plaintiffs request the Court grant their motion to seal select portions of this exhibit. |
| **Marcuse Decl. Ex. 22, DOES34301** | Plaintiffs seek to file under seal portions of Exhibit 22 to protect Plaintiff's contact information and names and identifying information or sensitive private information of individuals who are not parties to this litigation or employees of Defendant. | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.

Morrison waives confidentiality of this exhibit. | No dispute.  Plaintiffs request the Court grant their motion to seal select portions of this exhibit. |
| **Marcuse Decl. Ex. 23, DOES34314** | Plaintiffs seek to file under seal portions of Exhibit 23 to protect Plaintiff's contact information and names and identifying information or sensitive private information of individuals who are not parties to this litigation or employees of Defendant. | No redactions are visible. However, Morrison does not object to Plaintiff's motion to seal select portions of the exhibit containing Plaintiff's contact information and names and identifying or sensitive private information of non-parties. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | Morrison waives confidentiality of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 24, DOES34899** | Exhibit 58 is submitted under seal pending the Court's decision on Plaintiffs' unopposed request to seal Defendant's Exhibit 40 (Dkt. 170). (Note that Dkt. 170 inadvertently misidentifies this document as DOES34928.) | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.<br><br>Morrison waives confidentiality of this exhibit. | No dispute.  Plaintiffs request the Court grant their motion to seal select portions of this exhibit. |
| **Marcuse Decl. Ex. 25, DOES36984** | Plaintiffs seek to file under seal portions of Exhibit 25 to protect Plaintiff's contact information and names and identifying information or sensitive private information of individuals who are not parties to this litigation or employees of Defendant. | Morrison does not object to Plaintiff's motion to seal select portions of this exhibit.<br><br>Morrison waives confidentiality of this exhibit. | No dispute.  Plaintiffs request the Court grant their motion to seal select portions of this exhibit. |
| **Marcuse Decl. Ex. 26, DOES40872** | Exhibit 26 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation.  Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing that portions of this document should be designated confidential and filed under seal. | Morrison moves to seal portions of this exhibit to protect the name and identifying information of a third-party. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 27, FBD0000028** | Exhibit 27 is provisionally sealed to respect the confidential designation of documents designated by the non- | Morrison waives confidentiality and defers to the declarations submitted by third-parties, if any are filed. | No dispute.  The Parties defer to the declarations submitted by third-parties, if any are filed. |

| | | | |
|---|---|---|---|
| | party custodian and to enable such non-party to submit a declaration establishing the confidential nature of documents they designated as confidential. | | |
| **Marcuse Decl. Ex. 28, FBD0000029** | Exhibit 28 is provisionally sealed to respect the confidential designation of documents designated by the non-party custodian and to enable such non-party to submit a declaration establishing the confidential nature of documents they designated as confidential. | Morrison waives confidentiality and defers to the declarations submitted by third-parties, if any are filed. | No dispute.  The Parties defer to the declarations submitted by third-parties, if any are filed. |
| **Marcuse Decl. Ex. 29, FBD0000045** | Exhibit 29 is provisionally sealed to respect the confidential designation of documents designated by the non-party custodian and to enable such non-party to submit a declaration establishing the confidential nature of documents they designated as confidential. | Morrison waives confidentiality and defers to the declarations submitted by third-parties, if any are filed. | No dispute.  The Parties defer to the declarations submitted by third-parties, if any are filed. |
| **Marcuse Decl. Ex. 32, MORRISON -0000295** | Exhibit 32 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential and sensitive evaluations and compensation policies and practices.  Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may chill Morrison's ability to solicit peer feedback on employee performance.<br><br>Morrison further moves to seal portions of this exhibit to protect the identity of a non-partner attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | |
|---|---|---|---|
| **Marcuse Decl. Ex. 33, MORRISON-0000562** | Exhibit 33 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect the identity of a non-party employee. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 34, MORRISON-0000691** | Exhibit 34 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 53 to the Declaration of Rachel Brass.  *See* Dkt. 170 at Brass Decl. ¶ 54, Ex. 53 (MORRISON-0000691). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal the entirety of this exhibit to protect confidential an sensitive evaluations and | No dispute. Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | | compensation policies. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | |
| **Marcuse Decl. Ex. 36, MORRISON -0000792** | Exhibit 36 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential and sensitive evaluations and compensation policies and practices. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | Morrison further Moves to seal portions of this exhibit to protect the identity of a non-party employee. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) | |
|---|---|---|---|
| **Marcuse Decl. Ex. 37, MORRISON -0002367** | Exhibit 37 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential and sensitive evaluations and compensation policies and practices. Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's performance evaluation policies. Public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | No dispute. Morrison requests the Court grant its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 38, MORRISON -0003845** | Exhibit 38 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration | Morrison moves to seal this exhibit in its entirety to protect confidential and sensitive evaluations and compensation policies and practices. Publicity would cause competitive harm to Morrison, as this | No dispute. Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | document discloses confidential information about Morrison's performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may chill Morrison's ability to solicit peer feedback on employee performance. | |
| **Marcuse Decl. Ex. 39, MORRISON -0004230** | Exhibit 39 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to Morrison's compensation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 40, MORRISON -0004420** | Exhibit 40 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to Morrison's evaluation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | designated confidential and be filed under seal. | competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | |
|---|---|---|---|
| **Marcuse Decl. Ex. 41, MORRISON -0004498** | Exhibit 41 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to Morrison's evaluation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 42, MORRISON -0004796** | Exhibit 42 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to Morrison's evaluation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 43, MORRISON -0004964** | Exhibit 43 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to Morrison's evaluation policies and practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) | |
| **Marcuse Decl. Ex. 44, MORRISON -0005088** | Exhibit 44 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.  Plaintiffs oppose sealing this exhibit in its entirety as it does not reveal any confidential or sensitive information relating to Morrison's compensation, business development, and evaluation policies and practices, nor does it identify any non-party attorneys by name. Consistent with their position outlined in Dkt. 168, Plaintiffs maintain that these documents go to central issues of the merits of the action, and public disclosure of such records may encourage rather than chill feedback. Plaintiffs do not object to limited redactions of information that may disclose identity of non-partner attorneys. | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to Morrison's compensation, business development, and evaluation practices. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)  Morrison further moves to seal this exhibit in its entirety to protect opinions and feedback given by associates. Public disclosure may chill Morrison's ability to solicit feedback from associates.  (*See* Dkt. 190 at p. 4.)  Morrison further moves to seal portions of this exhibit to protect the identity of a non-party employee.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. | **Disputed.** Plaintiffs will lodge proposed redactions with the Court. |

| Marcuse Decl. Ex. 45, MORRISON-0005155 | Exhibit 45 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.  Plaintiffs oppose sealing this exhibit in its entirety as it does not reveal any confidential or sensitive information relating to Morrison's compensation, business development, and evaluation policies and practices, nor does it identify any non-party attorneys by name.  Consistent with their position outlined in Dkt. 168, Plaintiffs maintain that these documents go to central issues of the merits of the action, and public disclosure of such records may encourage rather than chill feedback. Plaintiffs do not object to limited redactions of information that may disclose identity of non-partner attorneys. | Morrison moves to seal this exhibit in its entirety to protect opinions and feedback given by associates.  Public disclosure may chill Morrison's ability to solicit feedback from associates.  (*See* Dkt. 190 at p. 4.)  Morrison further moves to seal portions of this exhibit to protect the identity of a non-party employee.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)  Moreover, the statements contained in this exhibits are inadmissible hearsay and, thus, are irrelevant. | **Disputed.** Plaintiffs will lodge proposed redactions with the Court. |
| Marcuse Decl. Ex. 46, MORRISON-0005996 | Exhibit 46 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this | Morrison moves to seal portions of this exhibit to protect names and identifying information for non-party employees. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | document should be designated confidential and be filed under seal. | disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 47, MORRISON -0006008** | Exhibit 47 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect the names and identifying information for a non-party employee. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 49, MORRISON -0006312** | Exhibit 49 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of exhibit to protect names and identifying information for non-party employees. Morrison further moves to seal private information relating to a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal portions of this exhibit to protect confidential information relating to Morrison's evaluation policies and practices. Disclosure of this information would | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| | | cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
| **Marcuse Decl. Ex. 52, MORRISON -0007339** | Exhibit 52 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential employment histories of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party. Privacy interests in personal information outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.<br><br>Publicity would also cause competitive harm to Morrison, as the document discloses confidential information about Morrison's performance evaluation policies. Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's | No dispute. Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | ability to solicit peer feedback on partner performance. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 53, MORRISON -0007655** | Exhibit 53 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect names and identifying information for non-partner attorneys and employees.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 54, MORRISON -0007925** | Exhibit 54 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of exhibit to protect names, identifying information, and employment histories for non-partner attorneys.  Morrison further moves to seal private information relating to a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 55, MORRISON -0008036** | Exhibit 55 is provisionally filed under seal because Defendant previously designated this document as | Morrison moves to seal this exhibit in its entirety to protect opinions and feedback given by associates.  Public | **Disputed**. Plaintiffs will lodge proposed redactions with the Court. |

| | | | |
|---|---|---|---|
| 1 | | confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.

Plaintiffs oppose sealing this exhibit in its entirety as it does not reveal any confidential or sensitive information relating to Morrison's compensation, business development, and evaluation policies and practices. Consistent with their position outlined in Dkt. 168, Plaintiffs maintain that these documents go to central issues of the merits of the action, and public disclosure of such records may encourage rather than chill feedback. Plaintiffs do not object to redactions of information that might identify non-partner attorneys. | disclosure may chill Morrison's ability to solicit feedback from associates.  (*See* Dkt. 190 at p. 4.)

Moreover, the statements contained in this exhibits are inadmissible hearsay and, thus, are irrelevant. | |
| **Marcuse Decl. Ex. 56, MORRISON -0009217** | Exhibit 56 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of exhibit to protect the identity of non-partner attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)

Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 58, MORRISON -0009899** | Exhibit 58 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 18 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 59, MORRISON -0009936** | Exhibit 59 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 16 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)  Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)  Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 60, MORRISON-0009982** | Exhibit 60 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 14 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.

Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 61, MORRISON-0009990** | Exhibit 61 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 15 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | | reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
| **Marcuse Decl. Ex. 62, MORRISON -0010043** | Exhibit 62 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 17 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | | non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)  Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
| **Marcuse Decl. Ex. 63, MORRISON -0010244** | Exhibit 63 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 19 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | | interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)  Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
| **Marcuse Decl. Ex. 64, MORRISON -0010268** | Exhibit 64 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 13 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 65, MORRISON -0010296** | Exhibit 65 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit 12 (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal In Support of Summary Judgment Motions, Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, evaluations, and compensation information.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's compensation and performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing.  (*See* Dkt. 190 at pp. 3–4.)  Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 66, MORRISON -0010333** | Exhibit 66 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file this exhibit under seal. |
| **Marcuse Decl. Ex. 67, MORRISON -0010951** | Exhibit 67 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration | Morrison moves to seal portions of this exhibit to protect non-party attorney names.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.) Morrison waives confidentiality of the remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 68, MORRISON -0011042** | Exhibit 68 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of exhibit to protect names, identifying information, and employment histories for non-partner attorneys.  Morrison further moves to seal private information relating to a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 69, MORRISON -0013438** | Exhibit 69 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential and sensitive evaluations and compensation policies and practices.  Publicity would cause competitive harm to Morrison, as this document discloses confidential information about Morrison's performance evaluation policies.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | | by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may chill Morrison's ability to solicit peer feedback on employee performance.<br><br>Morrison further moves to seal portions of this exhibit to protect the identity of a non-party employee.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | |
| **Marcuse Decl. Ex. 70, MORRISON -0014556** | Exhibit 70 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.<br><br>Plaintiffs oppose sealing the exhibit in its entirety as it does not reveal any confidential information and the handwritten nature of the source document is irrelevant.  Plaintiffs do not oppose redacting non-partner identifying information. | Morrison moves to seal this exhibit in its entirety to protect handwritten notes, the disclosure of which could chill candor in taking notes that may be necessary in the course of conducting business. (*See* Dkt. 190 at . 4.)<br><br>Morrison further moves to seal portions of this exhibit to protect the identity of a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** Plaintiffs will lodge their proposed redactions with the Court. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 71, MORRISON -0014560** | Exhibit 71 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal.<br><br>Plaintiffs oppose sealing the exhibit in its entirety as it does not reveal any confidential information and the handwritten nature of the source document is irrelevant. | Morrison moves to seal this exhibit in its entirety to protect handwritten notes, the disclosure of which could chill candor in taking notes that may be necessary in the course of conducting business.  (*See* Dkt. 190 at p. 4.)<br><br>Morrison further moves to seal portions of this exhibit to protect the identity of a non-party employee.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | **Disputed.** |
| **Marcuse Decl. Ex. 72, MORRISON -0016222** | Exhibit 72 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file this exhibit under seal. |
| **Marcuse Decl. Ex. 73, MORRISON -0017176** | Exhibit 73 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be | Morrison moves to seal this exhibit in its entirety to protect confidential information relating to the Firm's mentorship policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | designated confidential and be filed under seal. | seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.)<br><br>Morrison further moves to seal portions of this exhibit to protect the identity of a non-party employee.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.) | |
|---|---|---|---|
| **Marcuse Decl. Ex. 74, MORRISON -0017502** | Exhibit 74 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file this exhibit under seal. |
| **Marcuse Decl. Ex. 75, MORRISON -0017503** | Exhibit 75 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file this exhibit under seal. |
| **Marcuse Decl. Ex. 76, MORRISON -0017511** | Exhibit 76 is provisionally filed under seal because Defendant previously designated | Morrison waives confidentiality. | No dispute.  Plaintiffs withdraw their motion to provisionally file this exhibit under seal. |

| | | | |
|---|---|---|---|
| | this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | | |
| **Marcuse Decl. Ex. 77, MORRISON -0017522** | Exhibit 77 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect the names and identifying information of non-partner attorneys and employees. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison moves to seal select portions of this exhibit to protect the personal phone number of a non-party. Disclosure of this information would infringe on this non-party's privacy. Privacy interests outweigh the public's interest in disclosure. (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 78, MORRISON -0017546** | Exhibit 78 is provisionally filed under seal because Defendant previously designated this document as confidential. Plaintiffs seek to provide Defendant an opportunity to submit a declaration | Morrison moves to seal portions of this exhibit to protect names and identifying information for non-party attorneys. Disclosure of this information could cause undue embarrassment or reputational harm to the | No dispute. The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| | pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal portions of this exhibit to protect confidential client information.  Disclosure of this information would implicate attorney-client privilege and otherwise risk harm to non-party clients by disclosing confidential information.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
| **Marcuse Decl. Ex. 79, MORRISON -0017571** | Exhibit 79 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of exhibit to protect names, identifying information, and employment histories for non-partner attorneys and employees.  Morrison further moves to seal private information relating to a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 80, MORRISON -0024802** | Exhibit 80 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect non-party attorney names, employment histories, and evaluations.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)  Publicity would also cause competitive harm to Morrison as this document discloses confidential information about Morrison's performance evaluation policies and practices.  Disclosure of this information would cause competitive harm to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on employee performance. | No dispute.  Morrison requests the Court grant its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 81, MORRISON -0026075** | Exhibit 81 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing | Morrison moves to seal portions of exhibit to protect names and identifying information of non-partner attorneys and clients.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 82, MORRISON -0041984** | Exhibit 82 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of exhibit to protect names and identifying information of non-partner attorneys and employees. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 83, MORRISON -0042114** | Exhibit 83 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal this exhibit in its entirety to protect confidential employment histories of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Publicity would also cause competitive harm to Morrison, as the document discloses confidential information about Morrison's performance evaluation policies.  Disclosure of this information would cause competitive harm | No dispute. Morrison requests the Court grant its motion to seal this exhibit in its entirety. |

| | | | |
|---|---|---|---|
| | | to Morrison as it seeks to retain and promote highly qualified attorneys by enhancing competitors' ability to seek and recruit away that talent which Morrison is focused on fostering and advancing. (*See* Dkt. 190 at pp. 3–4.) Public disclosure may also chill Morrison's ability to solicit peer feedback on partner performance. | |
| **Marcuse Decl. Ex. 84, MORRISON -0042122** | Exhibit 84 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect the names and identifying information of non-partner attorneys and employees and the confidential employment history of a non-party attorney.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison further moves to seal confidential information concerning the performance of certain practice groups. Publicity would cause competitive harm to Morrison as this document discloses its confidential financial information, and public disclosure would cause competitive harm to Morrison with respect to recruiting and retaining attorneys and business development.  (*See* Dkt. 190 at p. 4.) | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | Morrison waives confidentiality of the remaining portions of this exhibit. | |
|---|---|---|---|
| **Marcuse Decl. Ex. 85, MORRISON -0043245** | Exhibit 85 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect the names and employment history of a non-party attorney. Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests in personal information outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 86, MORRISON -0043660** | Exhibit 86 is submitted under seal pending the Court's decision on Defendant's unopposed request to seal Defendant's Exhibit H to the Declaration of Jason McCord (Dkt. 170). | Consistent with its position outlined in Dkt. 170 and repeated in the Revised Joint Submission Regarding Motion to Seal in Support of Summary Judgment Motions, Morrison moves to seal portions of this exhibit to protect the names and identifying information of non-party employees. Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 87,** | Exhibit 87 is provisionally filed under seal because Defendant | Morrison moves to seal this exhibit in its entirety to protect confidential | No dispute.  Morrison requests the Court grant |

| | | | |
|---|---|---|---|
| **MORRISON -0043711** | previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | and sensitive information regarding firm performance.  Publicity of this information would cause competitive harm to Morrison with respect to recruiting and retaining attorneys and business development.  (*See* Dkt. 190 at p. 4.) | its motion to seal this exhibit in its entirety. |
| **Marcuse Decl. Ex. 88, MORRISON -0016193** | Exhibit 88 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal portions of this exhibit to protect the name and identifying information of a non-party employee.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-party.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |
| **Marcuse Decl. Ex. 89, DOES006015** | Exhibit 89 is provisionally filed under seal because Plaintiffs previously designated this document as confidential, but Plaintiffs now intend to waive their confidential designation.  Because Defendant may have otherwise relied on Plaintiffs' confidential designation, Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1)  establishing that portions of this document should be designated confidential and filed under seal. | Morrison moves to seal portions of this exhibit to protect the identities of non-party attorneys and employees.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)<br><br>Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

| | | | |
|---|---|---|---|
| **Marcuse Decl. Ex. 90, Defendant's Amended Objections and Responses to Plaintiffs' Second Set of Interrogatories** | Exhibit 90 is provisionally filed under seal because Defendant previously designated this document as confidential.  Plaintiffs seek to provide Defendant an opportunity to submit a declaration pursuant to Local Rule 79-5(e)(1) establishing that portions of this document should be designated confidential and be filed under seal. | Morrison moves to seal select portions of this exhibit to protect names and identifying information for non-party attorneys.  Disclosure of this information could cause undue embarrassment or reputational harm to the non-parties.  Privacy interests outweigh the public's interest in disclosure.  (*See* Dkt. 190 at pp. 2–3.)  Morrison waives confidentiality of the remaining portions of this exhibit. | No dispute.  The Parties agree to the proposed redactions in the version to be lodged with the Court. |

Dated: December 9, 2020

GIBSON, DUNN & CRUTCHER LLP

By: */s/ Michele L. Maryott*

Michele L. Maryott

*Attorneys for Defendant*

Dated: December 9, 2020

SANFORD HEISLER SHARP, LLP

By:  */s/ Deborah K. Marcuse*

Deborah K. Marcuse

*Attorneys for Plaintiffs*

## ECF Attestation

I, Deborah K. Marcuse, hereby attest that, pursuant to Civil L.R. 5-1(i)(3), concurrence in the filing of this document has been obtained from the above signatories.

By: */s/ Deborah K. Marcuse*

Deborah K. Marcuse

/ / /

1    / / /

2    / / /

3    / / /

4    / / /

5    / / /

6    / / /

7    / / /

8    / / /

9    [*Continued from Caption Page*]

10    ED CHAPIN, SBN 53287
       echapin2@sanfordheisler.com
11    JILL SULLIVAN SANFORD, SBN 185757
       jsanford@sanfordheisler.com
12    SANFORD HEISLER SHARP, LLP
13    655 W. Broadway, Suite 1700
      San Diego, CA 92101
14    Telephone: (619) 577-4253
      Facsimile: (619) 677-4250
15

16    DANIELLE FUSCHETTI, SBN 294065
       dfuschetti@sanfordheisler.com
17    SANFORD HEISLER SHARP, LLP
18    111 Sutter Street, Suite 975
      San Francisco, CA 94104
19    Telephone: (415) 795-2020
      Facsimile: (415) 795-2021
20

21    *Attorneys for Plaintiffs*

22

23

24

25

26

27

28