UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY A. WILLIAM, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>MORRISON & FOERSTER LLP,<br><br>    Defendant. | Case No. 18-cv-02542-JSC<br><br>**ORDER RE: ADMINISTRATIVE MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 147, 148, 156, 157, 158, 159, 160, 168, 169, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 195 |

    Sherry William and Joshua Klayman sue their former employer, Morrison & Foerster LLP ("MoFo"), for gender, pregnancy, and maternity discrimination in violation of state and federal law. Both women, who worked as associates in the firm's Financial Department in Los Angeles and New York, respectively, allege that after they returned from maternity leave they encountered a variety of adverse actions including the denial of advancement opportunities. In connection with Defendant's motions for summary judgment, the parties filed 20 administrative motions to seal. (Dkt. Nos. 147, 148, 156, 157, 158, 159, 160, 168, 169, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, and 195.)

    As a threshold matter, given the parties' re-filing of the motions in various iterations, many of which were incomplete and/or were followed by erratas, it is nearly impossible for the Court to determine which portion of which documents the parties seek to file under seal. This is true notwithstanding the parties' submission of joint statements of the parties' final positions regarding sealing which are helpful, but still pose challenges given that they do not refer to things by docket number and are vague as to the sealing sought. Further, the parties' motions to seal—particularly Defendants'—are overbroad and fail to satisfy the compelling reasons standard. The Court

1  therefore GRANTS IN PART AND DENIES IN PART the administrative motions to seal.  To the
2  extent that the motions are denied, it is without prejudice to refiling in a narrowly tailored form in
3  accordance with this Order.

**LEGAL STANDARD**

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party must demonstrate "compelling reasons" to seal judicial records attached to a dispositive motion. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons include "the use of court records for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id*. "[S]ources of business information that might harm a litigant's competitive strategy" may also give rise to a compelling reason to seal, *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 597 (1978), as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage, *see Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013).

The "compelling reasons" standard is a strict one. *Kamakana*, 447 F.3d at 1184. "An unsupported assertion of 'unfair advantage' to competitors without explaining 'how a competitor would use th[e] information to obtain an unfair advantage' is insufficient." *Ochoa v. McDonald's Corp.*, No. 14-CV-02098-JD, 2015 WL 3545921, at *1 (N.D. Cal. Jun. 5, 2015) (quoting *Hodges v. Apple, Inc.*, No. 13–cv–01128–WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)). The court must "balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (internal citation and quotation marks omitted); *see also Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S.Ct. 2374 (2012).

In addition, parties moving to seal documents must comply with the procedures set forth in Civil Local Rule 79–5. The rule permits sealing only where the parties have "establishe[d] that the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to

1   protection under the law." Civ. L.R. 79–5(b). It requires the parties to "narrowly tailor" their
2   requests only to the sealable material. *Id*. at 79–5(d). Thus, although sometimes it may be
3   appropriate to seal a document in its entirety, whenever possible a party must redact. See
4   *Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue
5   of being limited and clear"); *Murphy v. Kavo Am. Corp*., No. 11–cv–00410–YGR, 2012 WL
6   1497489 at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties
7   to redact confidential information). Whatever the basis, the court "must articulate [the] reasoning
8   or findings underlying its decision to seal." *Apple Inc*., 658 F.3d at 1162.

## DISCUSSION

Defendant seeks sealing of six categories of information: (1) "personal and private third-party confidential information, including sensitive information concerning nonpartner attorneys," and client information; (2) references to its current policies for employee compensation, evaluations, and promotions; (3) "confidential and sensitive information related to [its] business development strategies"; (4) "sensitive information concerning revenues and performance of certain practice groups"; (5) handwritten notes; and (6) attorney feedback.  (Dkt. No. 190 at 2; Dkt. No. 195 at 2.)

Plaintiffs appear to agree with Defendant regarding sealing at least some of the first category of information.  That is, Plaintiffs likewise seek sealing of "names, identifying information and/or contact information for individuals who are neither parties to this litigation nor employees of Defendant."  (Dkt. No. 173 at 3; Dkt. No. 180 at 3.)  Ms. William also seeks sealing of the names of her minor children, as well as confidential client information associated with her prior employers who are also not parties to this litigation. (Dkt. No. 173 at 3.)  Ms. Klayman also seeks sealing of her email addresses. (Dk. No. 180 at 3.)

*First*, with respect to the request for sealing of names and identifying information for nonpartner attorneys as well as client information, that request for sealing is narrowly tailored and is GRANTED.  Thus, for example, the names or identifying (geographic) information for any comparators is properly sealable as are these individuals' actual performance evaluations.  However, generalized descriptions of the contents of these individuals' performance evaluations

3

and quotations therefrom that might appear in the parties' briefs are not properly sealable. Confidential client information is also properly sealable.

***Second***, Defendant's request for sealing of swaths of information which "references [] its current policies for employee compensation, evaluations, and promotions" is overbroad. Under this category, Defendant seeks sealing of emails and deposition testimony regarding the promotion process as applied to Plaintiffs (*see, e.g*., Dkt. No. 195-10; Dkt. No. 159-45, Peck Depo. at 2801-13), and emails regarding billing practices with respect to Plaintiffs (*see, e.g.*, Dkt. No. 159-50, Chester Depo. at 150:17-22). Defendant's generalized statement that exposure of this information would cause it competitive injury fails to satisfy the compelling reasons standard. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1179.

Boilerplate assertions of competitive harm are insufficient. *See, e.g.*, *Apple Inc. v. Samsung Elecs. Co*., No. 11-CV01846 LHK PSG, 2013 WL 412864, at *2 (N.D. Cal. Feb. 1, 2013) ("Although Samsung recites boilerplate terms that this information is proprietary and confidential, it does not provide a particularized showing of how this information would be detrimental if disclosed."); *Hodges v. Apple, Inc*., No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013)( "[a]n unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient."); *Welle v. Provident Life & Accident Ins. Co*., No. 3:12–cv–3016 EMC (KAW), 2013 WL 6055369, at *2 (N.D. Cal. Nov. 14, 2013)("although [defendant] identifies the information at issue as proprietary and confidential, it does not provide reasons beyond the boilerplate references to competitive disadvantage if the information were publicly available."); *Digital Reg of Texas, LLC v. Adobe Sys. Inc*., No. 12–cv–1971–CW, 2013 WL 4049686, at *1 (N.D. Cal. Aug. 8, 2013) (denying sealing where party "failed to state what harm [it] would experience if this material were publicly disclosed or to provide any specific reasons, supported by facts, that could outweigh the public policy favoring public access to court filings.") Defendant has failed to establish a compelling reason for sealing information regarding the evaluation or promotion process as applied to Plaintiffs—including their own evaluations and information

4

1  collected as part of those evaluations or as part of their evaluation for partnership or termination.

2  ***Third***, Defendant's request to seal "confidential and sensitive information related to [its]
3  business development strategies" is likewise overbroad.  (Dkt. No. 190 at 2; Dkt. No. 195 at 2.)  It
4  is unclear how this category is distinct from the preceding as Defendant appears to use both in
5  tandem.  While there may be some narrow category of information that would actually pose a
6  competitive harm, Defendant's request for sealing of swaths of information regarding the
7  promotion process and billables is overbroad.  Defendant's case citations are inapposite.  *See, e.g.*,
8  *Prutsman v. Rust Consulting, Inc*., No. C 12-6448 PJH, 2013 WL 1222707, at *2 (N.D. Cal. Mar.
9  25, 2013) (granting motion to seal salary information in the context of a motion to remand for lack
10 of subject matter jurisdiction); *In re High-Tech Employee Antitrust Litig.*, No. 11-CV-02509-LHK,
11 2013 WL 163779, at *2 (N.D. Cal. Jan. 15, 2013) (applying good cause standard to request for
12 sealing in connection with class certification briefing); *Rich v. Shrader*, No. CIV. 09CV652 AJB
13 BGS, 2013 WL 6028305, at *2 (S.D. Cal. Nov. 13, 2013) (granted sealing of documents similar to
14 those at issue here in a RICO/breach of contract action—not an employment discrimination
15 action); *Johnson v. Oracle Am., Inc*., No. 17-CV-05157-EDL, 2017 WL 8793341, at *1, n.1. (N.D.
16 Cal. Nov. 17, 2017), aff'd, 764 F. App'x 607 (9th Cir. 2019) (granting motion to seal
17 compensation structure information in connection with a motion to compel arbitration). Defendant
18 seeks sealing of many documents at the heart of this dispute concerning its promotion practices.
19 "The mere fact that the production of records may lead to a litigant's embarrassment,
20 incrimination, or exposure to further litigation will not, without more, compel the court to seal its
21 records." *Kamakana*, 447 F.3d at 1178-79.

22 ***Fourth***, Defendant seeks sealing of deposition testimony regarding revenue and
23 performance of certain practice groups.  While sealing of *some* of this information might be
24 reasonable, to the extent that Defendant relies upon the low revenue or performance of certain
25 practice groups during a particular period of time as a basis for actions it took with respect to the
26 Plaintiffs (and which are the adverse actions alleged here), sealing is not proper.  Defendant must
27 narrowly tailor its request for sealing.

28 ***Fifth***, to the extent that Defendant seeks to seal the portion of any testimony which relies

on handwritten notes because "[d]isclosure of such information could chill an individual's candor in taking notes that may be necessary in the course of conducting business" that request is denied. (Dkt. No. 191 at 5.)  In its motion in support of sealing, Defendant does not even attempt to justify this request for sealing nor could it.  Otherwise, any time a party sought to rely upon evidence based on contemporaneous notes, the contents of those notes would be subject to sealing.  There is no basis for such a rule.

*Sixth*, Defendant seeks sealing of exhibits under the label of "attorney feedback."  To the extent that Defendant includes within this category feedback solicited from partners about Plaintiffs in connection with their annual evaluations (*see, e.g*., Dkt. No. 176-3), the request for sealing is denied.  There may be a basis for redacting the name of the partners who provided the feedback if Defendant does not intend to call that partner as a witness at trial and provided that the partner is not one of the decision-makers with respect to Plaintiffs' promotion and/or termination.  Further, Defendant also appears to seek sealing of at least one document that is about the process for obtaining feedback and not feedback itself. (Dkt. No. 176-8.)  There is no basis for sealing these process-level documents.

Finally, with respect to Plaintiffs' request for sealing of the names of Ms. William's minor children and confidential client information associated with her prior employers the request for sealing is GRANTED.  Ms. Klayman's request for sealing of her email addresses is also GRANTED.

## CONCLUSION

For the reasons stated above, the parties' administrative motions to seal are GRANTED IN PART and DENIED IN PART without prejudice to refiling in a narrowly tailored form that takes into account the guidance in this Order.  The Court adopts the following procedure for any renewed motions to seal:

Within 14 days of the date of this Order, the parties shall exchange statements outlining of their proposed redactions.  The parties shall then meet and confer regarding their respective sealing proposals. Within 21 days of the date of this Order the parties shall file a joint submission which sets forth each parties' arguments in favor of or against sealing and includes a chart which

6

identifies each sealing request and the parties' positions. In addition, the parties shall electronically file the briefs and exhibits with the newly proposed redactions (in redacted and unredacted form). The parties are urged to use caution and attention with their docketing to make the filing as clear and accessible as possible for the Court. The parties shall provide chambers copies of the joint submission, but not the underlying documents.

This Order disposes of Docket Nos. 147, 148, 156, 157, 158, 159, 160, 168, 169, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, and 195.

**IT IS SO ORDERED.**

Dated: February 9, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

7